The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMEENJOHN STANIKZY;<br><br>          Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>          Defendant. | NO. 2:20-cv-00118-BJR<br><br>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY UNDER LCR 7(n). |

Plaintiff hereby submits under LCR 7(n) the ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL APPRAISAL entered in *Welsh v. Hartford Prop. & Cas. Ins. Co. of Hartford*, No. 20-2-05157-3 (Pierce County, Washington Superior Court, May 15, 2020). A true and correct copy of this Order is attached as Exhibit "A" hereto.

RESPECTFULLY SUBMITTED this 20th day of May 2020.

Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA #15642
Of Attorneys for Plaintiff

PLAINTIFF'S LCR 7(n) NOTICE - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

# EXHIBIT A




IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF PIERCE

STEVEN WELSH

vs.

PROPERTY & CASUALTY INS. COMPANY OF HARTFORD

Case No. 20-2-05157-3

ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL APPRAISAL

**THIS MATTER** came before the Court on the Defendant Property & Casualty Insurance Company of Hartford's ("Hartford" or "Defendant") Motion to Stay Proceedings and Compel Appraisal. The Court has reviewed the pleadings and papers on file herein, and considered the argument of counsel. The Court rules as follows:

This is a breach of contract and purported class action arising out of an automobile insurance policy. Plaintiff Steven Welsh ("Plaintiff" or "Welsh") alleges as follows: He has an automobile insurance policy with Hartford. He was in an accident, and Hartford declared his vehicle a total loss. As part of this process, Hartford hired an appraiser, Mitchell, to determine the value of Welsh's vehicle. Mitchell used, among other things, a "Projected Sold Adjustment" ("PSA") as part of the appraisal. It is the PSA that Plaintiff claims is improper. Specifically, Welsh argues that using the PSA violates WAC 284-30-391, both legally and factually.

Welsh filed the instant lawsuit. Hartford brought this motion, stating that it has invoked an appraisal provision in the insurance policy that is available when there is a dispute over the amount of loss.

The provision of the policy primarily at issue (the "appraisal provision") is as follows:

> A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> 1. Pay its chosen appraiser; and
> 2. Bear the expenses of the appraisal and umpire equally.
>
> Neither we nor you waive any rights under this policy by agreeing to an appraisal.

Hartford seeks to have this Court stay this lawsuit and compel Welsh to participate in the appraisal process. Welsh argues that the issue is not amount of loss but rather the legality of using the PSA as part of the appraisal process. As such, Welsh argues that the appraisal provision has not been triggered.

Aside from whether the appraisal process has been triggered, one issue is whether the appraisal process is considered an arbitration clause. In *Department of Transportation v. James River Insurance Company*, 176 Wn.2d 390, 292 P.3d 118 (2013), the Washington Supreme Court held that arbitration clauses in insurance contracts are prohibited by RCW 48.18.200. *Id.* at 400. Welsh argues that the appraisal provision is, essentially, an arbitration provision that *James River* prohibits. Hartford argues that this is not an arbitration provision. Hartford cites to *Keesling v. W. Fire Ins. Co.*, 10 Wn. App. 841, which held that appraisal provisions are different than arbitration provisions and are enforceable. *Id.* at 845-46. Welsh argues that *Keesling* pre-dated *James River*, that no case since *James River* has approved of these appraisal provisions, and that *James River* overruled *Keesling sub silentio*.

Both sides have cited to federal case law. In its reply, Hartford cited to *Enger v. Allstate Ins. Company*, 407 F. App'x 191 (9th Cir. 2010) for the proposition that appraisal provisions are triggered when the dispute is over an improper valuation method. It is true, as Hartford acknowledged, that the *Enger* Court was applying California law. Hartford posits, without explanation, that the analysis applies to Washington law as well.

It should be noted that in a recent California district court case, *Munoz v. GEICO General Insurance Company*, 2019 WL 6465297 (N. D. Cal. 2019), the Court distinguished *Enger*. In *Munoz*, Plaintiffs alleged that GEICO failed to pay the actual cash value on claims by "failing to pay sales tax owed where the total-loss vehicle was leased, and by only paying a prorated amount of the regulatory fees to all total-loss insureds instead of the full amount." *Id.* at *1. The insurance policy at issue had an appraisal clause almost identical to the appraisal provision here. *Id.* at *1.

The Court summarized the issue as

> . . . whether the underlying dispute between the parties is one subject to appraisal: do Plaintiffs' claims raise a disagreement regarding the "amount of loss?" GEICO argues that because Plaintiffs contend that they were "underpaid," the fundamental dispute concerns the amount of loss. Plaintiffs disagree, and note that they do not challenge the base valuation amounts found by the appraiser as the "total loss" values. Instead, they characterize the first dispute as "whether GEICO is obligated by the terms of its Policy to pay [the] undisputed [sales tax] amount to leased insureds just as it pays that amount to owned- or financed-vehicle insureds." Similarly, the second dispute is whether the Policy requires GEICO to pay the full amount of the state regulatory fees instead of a prorated amount.

*Id.* at *2 (internal citations omitted).

Ultimately, the Court held that "the issues presented here are coverage issues, not disputes over the amount of loss." *Id.* The Court also noted that under California law, the appraisers had no authority to interpret policies or statutes. *Id.* The *Munoz* Court distinguished it from *Enger* in holding that *Enger* "involved disagreements about the underlying value of the loss, not about whether certain categories of costs fell within the policies' terms." *Id.* at *3.

This Court raised similar concerns during oral argument. The Plaintiff argues that his primary issue is whether the use of a PSA violates PSA WAC 284-30-391, not whether the substance of the valuation is accurate. Appraisers do not have the authority or expertise to evaluate this issue. Any appraisal, then, would appear to be a useless act that does not, and cannot, answer the questions at the heart of this dispute.

The Plaintiff is the "master of his complaint." *See, e.g., Hayes v. USAA Cas. Ins. Co.*, 185 Wn. App. 1055, *9 (2015)(unpublished) citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91, 126 S.Ct. 606,

1  163 L.Ed.2d. 415 (2005). As such the Plaintiff is "entitled to narrow the scope of the class claims" in

2  this case. *Id.* However, the Plaintiff is also "bound to act in accordance with [his] representations in

3  subsequent phases of the case." *Id.*[1]

Based on the Court's interpretation of the law and the Plaintiff's assertions defining his claims, the Court does not find that the appraisal provision has been triggered. The Court, therefore, denies Hartford's motion to stay proceedings and compel an appraisal. Because the Court does not find that the appraisal provision was triggered, the Court does not need to address the argument of whether the *James River* case overrules the *Keesling* case.

For the foregoing reasons, Hartford's motion is **DENIED**.

**IT IS SO ORDERED** this ___15___ day of May, 2020.

_____
JUDGE TIMOTHY L. ASHCRAFT



FILED
DEPT. 2
IN OPEN COURT
MAY 15 2020
PIERCE COU___
By_____
DEPUTY

---

[1] The Court understands the nature of plaintiff's claims to be *whether* certain items can be included in the appraisal, not what the value of those items are, if allowed. The Court is not ruling that this matter is necessarily purely legal and that no factual questions exist. That issue has not been presented to the Court. The Court is ruling that, based on the assertions of the plaintiff, the issues going forward must be capable of resolution without the need for an appraisal.

Order Denying Motion
Page 4 of 4