The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMEENJOHN STANIKZY,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

    Defendant.

NO. 2:20-CV-00118 BJR

UNOPPOSED LCR 7(d)(1) MOTION FOR SETTLEMENT CLASS CERTIFICATION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.

Noting Date: September 7, 2021

## I. MOTION/RELIEF REQUESTED

Plaintiffs Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, on behalf of themselves and the proposed Settlement Class, respectfully moves the Court for entry of a proposed Settlement Class Certification and Preliminary Approval Order which:

    1)    Grants certification of the above-entitled matter as a settlement Class;

    2)    Grant preliminary approval of the Settlement Agreement ("Settlement") between Plaintiffs Progressive Direct Insurance Company ("Progressive") (filed at Dkt#65-1 hereto)

    3)    Approve and direct implementation of the proposed notice plan and dissemination of an approved mailed notice; and

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

4)   Schedule a final fairness hearing.

The motion is <u>unopposed</u> and as such is filed under LCR 7(d)(1). Plaintiffs expressly note that the requested settlement class certification is solely for settlement purposes; Progressive in no way concedes the certifiability of a *litigation class* in this matter.

THIS MOTION is submitted pursuant to FRCP 23, the procedure and criteria for preliminary approval as stated in the *Manual for Complex Litigation – Fourth* (Federal Judicial Center 2004) (hereinafter the "*Manual*") § 21.6, and the legal rules laid out in *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (*en banc*) ("*In Re Hyundai*"). The Settlement Agreement ("Settlement"), proposed form of notice ("Notice"), and claim form accompany this Motion. (Dkt#65-1).

## II. OVERVIEW OF THE SETTLEMENT TERMS

The proposed settlement class – other than the respective time frame of claims covered (the settlement is capped at claims having accrued by July 11, 2021, which is the date that Progressive ceased taking a "projected sold adjustment" deduction in Washington State on Mitchell estimates) - is *identical* to that earlier proposed in Plaintiffs' Motion for Class Certification (*see* Dkt#37 at 1-2) and is:

> All Progressive insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation from Mitchell based upon the value of comparable vehicles which took a deduction for a "Projected Sold Adjustment."
>
> Excluded from the Class would be (a) the assigned Judge, the Judge's staff and family, and Progressive employees, (b) claims for accidents with dates of loss occurring before January 24, 2014, (c) claims on "non-owned" (borrowed or rented) vehicles; (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive or valuation paid was determined using the appraisal clause.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

The Proposed Settlement is the result of extensive work by the parties, and a case that was substantially advanced at the time of resolution. The parties have proceeded through Rule 12 motions, completed Class Certification fact discovery, and respectively have filed their Motion for Class Certification and Progressive's Oppositions thereto. As part of this discovery Progressive had identified the (slightly overinclusive) class size, and via sampling 60 random claims Plaintiffs were able to determine, how overinclusive the class size was, and the average amounts that had been deduced for "projected sold adjustment" on Mitchell Market Survey Reports, when the deduction was taken.

Thereafter, the parties conducted a zoom mediation with the Honorable Bruce Hilyer (Ret.). With Judge Hilyer's assistance, they reached agreement on key terms, and only then discussed secondary issues such as fees, resulting in the Settlement now being presented for Preliminary Approval.

Because the settlement class period ends at July 11, 2021, and a (slightly over-inclusive) class list has been generated by Progressive, and because Plaintiffs sampled sixty (60) randomly selected claims produced in discovery in this matter, which allowed them to determine how over-inclusive the list was and the average deduction for "projected sold adjustment", the agreed settlement fund in this matter available to pay claims of Class Members (approximately $19,228,696.06) reflects a reasonable estimate of the amounts not paid by Progressive due to the use of a "projected sold adjustment" in valuing total loss vehicles.[1] Progressive agrees to the use of this estimate for purposes of settlement, but reserves all rights and arguments as to whether

---

[1] This settlement amounts are based upon 93.33% of the claims on the Class List being within the Settlement Class and the average deduction for PSA being 7.4% of the market value of the vehicle otherwise being determined on the Mitchell "Market Survey Report."

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

such an estimate could be the appropriate basis of damages in the event of litigation.

Over 22,000 claims potentially fall within the proposed Class and will be provided notice and a claims form.  The parties propose that notice and color contrasting pre-populated claims forms will be mailed first class to members of the Settlement Class within 60 days of preliminary approval (Dkt#65-2; Settlement ¶45).  For those notices that are returned as undeliverable, notice will either be re-mailed to those with return addresses or will be e-mailed to those without a return address where Progressive has provided an e-mail.  The website will include key documents, allow for the submission of claims electronically, and will contain updates on the progress of the Settlement Process.

The agreed claims period is 100 days (Settlement ¶4, 34) with claims being submittable either on the personalized pre-printed claims form provided with the notice, or electronically on the Settlement website.   The claims form is simple, asking three "Y/N" questions to obtain information that Class Members are likely to have or have known, while providing an option of answering "I don't know", which will not be used against them under the Settlement Agreement. This information will assist Progressive in determining any claims that fall outside of the Settlement Class or are otherwise not eligible for payment. Those who submit timely valid claims will be paid 7.4% of the Mitchell Market value of their vehicle, minus a pro-rata deduction for costs and fees.[2]

---

[2] Under the Settlement, consistent with Plaintiffs' theory of liability, to the extend that Progressive can show that it paid MORE than the value shown on the Mitchell Report, it may reduce these payments, or if the valuation Progressive paid is more than the Mitchell Value with the "projected sold adjustment" added back in, the claimant would not be entitled to a payment for the "projected sold adjustment".   The parties anticipate that these situations, if they exists, will be rare, with no examples of them existing in the random sample of sixty claims reviewed by the Parties.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

Under the Settlement, Class Counsel can request a common benefit fee of up to 26% of the common fund, costs of $24,366, and a class representative bonus of $10,000 for each of the proposed Class Representatives. (Settlement ¶51). These terms were only discussed thought the mediator, Judge Hilyer, and then only after all other key terms were agreed. The settlement terms, recovery, and claims process is similar to those in prior total loss settlements in Washington addressing similar claims practices.[3]

The parties Settlement proposes an opt-out and objection deadline of two weeks (14 days) *before* the final approval hearing date, with the final approval hearing being set roughly 60 days after notice is mailed. This provides a roughly 45 day opt-out/objection period. As such, if preliminary approval is granted, the final approval hearing would be set *on or after seventeen (17) weeks after the date of preliminary approval*.[4] The parties note that while the proposed notice (Dkt#65-2) is drafted with the final approval hearing location as the Seattle Courthouse, that can be changed to either Washington DC where this Court sits, or can be scheduled to occur remotely, either in the notice itself, or by changing the location and posting the change on the Settlement website.

### III. RELEVANT PROCEDURAL HISTORY

This matter was filed on January 24, 2020 asserting claims against Progressive for breach of contract and violations of the Washington Consumer Protection Act, WAC 284-30-391, RCW 19.86 et seq. On February 3, 2020, Plaintiff Stanikzy filed an Amended Class Action Complaint

---

[3] *E.g. Stier v. PEMCO Mut. Ins. Co.*, No. 18-2-08153-5 (Pierce County Wa. Sup. Ct., April 7, 2021) (granting final approval); *Tereshchenko v. AmFam*, No. 19-2-07123-6 (Pierce County Wa. Sup. Ct, February 6, 2021) (granting final approval).

[4] Seventeen weeks is 60 days (for mailing) + 45 days (opt-out/objections) + 14 days to the final approval hearing.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

(the "Complaint"), served upon Defendant, which is the operative Complaint in this Action. Progressive moved to dismiss, and compel appraisal, which was rejected by this Court on May 29, 2020 (Dkt#30).

Subsequently, Plaintiff conducted substantial discovery of Progressive, including the production of a class list, sample of sixty (60) claims, depositions of Progressive witnesses, and the production of documents and interrogatory answers. Based upon this material, Plaintiffs moved for Class Certification on September 11, 2020. (Dkt#37, 38). Progressive deposed Mr. Stanikzy, and Plaintiff's expert, and served discovery on Plaintiffs.

On November 30, 2020 Plaintiffs moved (Dkt#47) to amend their Motion for Class Certification to added Mr. Niklas Steidl and Jon Mackay as additional Class representatives. This motion was granted on January 4, 2021 (Dkt#49), and Progressive then deposed Mr. Steidl and Mr. Mackay.

Progressive subsequently filed a comprehensive Opposition to Class Certification on April 26, 2021. (Dkt#58, 59, 60). After this filing, the parties agreed to mediate the matter, agreeing on Judge Hilyer as the mediator. After the mediation, and the key terms being reduced to writing, the parties filed a notice of Settlement with this Court on May 18, 2021 (Dkt#62) and proceeded to draft the Settlement Documents. An update on the status of preparing the settlement documents was filed on July 30, 2021 (Dkt#64).

**IV. THE APPROVAL PROCESS**

Approval of a class action settlement involves a two-step process. The <u>first</u> step in a case like this *which has not already been certified by the Court for litigation* as a Class (where a sufficient showing is made) is for the Court to grant *settlement* class certification and preliminary approval of the settlement which allows notice of the proposed settlement (and claims forms) to

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

be sent to class members. *In re Hyundai*, 926 F.3d at 554[5]. The second step is for the Court to then consider the response of the Class to the settlement and notice, as well as the request for fees, costs, and incentive awards, at the time of final approval. *Id*. at 555, *Manual* § 21.61

There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned" *In re Hyundai, 926 F.3d at* 556 (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (quoting *In re Syncor ERISA Litig*., 516 F.3d 1095, 1101 (9th Cir. 2008)).

Neither formal notice nor a hearing is required at the preliminary approval/provisional class certification stage: the Court may grant such relief upon an informal application by the settling parties and may conduct any necessary hearing in court or in chambers, at the Court's discretion. *Manual* § 21.61. As such, the parties have submitted this Motion under LR 7(d)(1) and have set the dates in the Proposed Order to run from the date the proposed order is signed with a final approval date to be filled in by this Court for a date on or after 17 weeks after the date the proposed order is signed.

## V. THE MOTION SHOULD BE GRANTED

**A. *Conditional Certification of the Settlement Class Should be Granted.***

As noted above, on file with this Court (Dkt# 37, 38, 39) is a comprehensive submission showing by Plaintiffs as to how certification is appropriate, and *settlement* class certification is

---

[5] The purpose of this Court's preliminary evaluation is to determine whether 1) the Settlement falls within the "range of reasonableness;" and 2) as a result, whether notice to the Potential Class Members of the terms and conditions of the Settlement and the scheduling of a Final Settlement Hearing is worthwhile. *Newberg* § 11.25 at 11-36, 11-37

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

particularly appropriate here given the relevant legal standard.[6]

"The criteria for class certification are applied differently in litigation classes and settlement classes." *In re Hyundai*., 926 F.3d at 556.  In considering a *litigation* class, the court "must be concerned with manageability at trial," whereas in considering a *settlement* class, "such manageability is not a concern . . . [because], by definition, there will be no trial." *Id*. at 556-57.  (Italics added).  "[I]n deciding whether to certify a settlement class, a district court must give heightened attention to the definition of the class or subclasses." *Id*. at 557.  Here, notably there are no sub-classes, and every single insured is treated identically under the settlement, with the Settlement being similar in material respects to prior total loss settlements.

*In re Hyundai* involved a *nationwide* claims-made settlement with a 23% claims rate prior to final approval.  *Id*. at 555.  The *en banc* ruling notes that the requirement of "heightened attention" to the settlement class definition arises because "a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold" *id*. at 557 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)) as a result of the fact that in the "usual case" the settlement is reached "without the benefit of adversarial investigation." *Id*.; (citing *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1021 (9th Cir. 1998).  As such,

> the aspects of Rule 23(a) and (b) that are important to certifying a settlement class are "those designed to protect absentees by blocking unwarranted or overbroad class definitions." [*Amchem*, 521 U.S. at 620].  The focus is "on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *Id*. at 621

---

[6] Plaintiffs note that under the Settlement Progressive's agreement to settlement certification only extends if the settlement is finally approved and completed, any settlement certification would be null and void in the event the settlement is not completed. (See Settlement ¶53-57, 71-74).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

*In re Hyundai.*, 926 F.3d at 558.

Here, the proposed settlement class definition at issue, and the underlying facts supporting it, are well developed, and have been tested repeatedly by multiple courts, most recently with a similar class definition being certified by Judge Pechman as to the similar taking by State Farm of an "ask-to-sold" deduction on total losses in Washington.  See *Kelley v. State Farm Mut. Auto Ins. Co*., No. C20-454-MJP, Dkt#136 (W.D. Wa July 1, 2021) (Order Certifying Class).  As such, the concerns pertaining to the absence of "adversarial investigation" – particularly given the extensive discovery and then filing of a motion for class certification - do not present themselves in any respect in this case.  This is a case where no class definition problems exist, and settlement class certification is appropriate.  *See In re Hyundai*., 926 F.3d at 559 (noting that there were no conflicts between current and future claimants to the limited fund as in *Amchem*, and as such settlement certification was appropriate).

Because each of the Rule 23(a) and 23(b) requirements have been shown in Plaintiff's earlier submission, and in light of the standard applicable to settlement certification, Settlement certification should be granted.[7]

**B. Preliminary Approval Should Be Granted.**

At the preliminary approval stage, a court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms [under Rule 23(e)(2)] and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual* § 21.632.  In making this latter determination, a court's role is to

---

[7] Plaintiffs note that differences in the amounts of damages, the amounts of which are the only thing that will vary between Settlement Class Members, do not defeat predominance in a settlement context. *In re Hyundai*., 926 F.3d at 560-561.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

ensure that the proposed settlement falls within the "range of reasonableness" under Rule 23(e)(2) such that proceeding with notice to class members and a formal fairness hearing would be worthwhile.  4 *Newberg on Class Actions* § 11:26 (4th ed. 2002).

In making its preliminary determination, the court "consider[s] the overall fairness of 'the settlement taken as a whole, rather than the individual component parts,' because '[n]either the district court nor this court ha[s] the ability to `delete, modify or substitute certain provisions.'" *In re Hyundai*., 926 F.3d at 569 [quoting, 150 F.3d at 1026] and looks to those of the familiar factors which apply:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon,* 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

The proposed settlement here provides an excellent resolution to this litigation, warranting preliminary approval and submission to the Class for its consideration.  It would resolve this matter, providing an end to hard-fought litigation.  The settlement follows a structure what has been used in prior settlements approved by Washington Courts.  See *Supra, n.*3.

Where, as in prior cases with approval of nearly identical settlements, a preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation for attorneys and appears to fall within the range of possible approval, the Court should direct that notice be given to the class members of a formal fairness hearing, and the terms of the settlement, and their rights to file a claim, opt-out, or object. *Manual*

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

*4th* § 21.632. At that time, arguments and evidence may be presented in support of or in opposition to the settlement, and the Court will have a full record to rule on the settlement. *Manual 4th* §§ 21.632 & 21.633.

    1.    *The Settlement is the Product of Arm's-Length Negotiations*

The proposed settlement is the result of a mediation followed by several months of exchange of settlement papers between the attorneys who were well-familiar with the legal and factual issues of the case due to their involvement in the litigation in this case, and with Plaintiffs' Counsel prior similar litigation. Fees, costs, and any bonus for the Class Representative were discussed only after all other material terms were agreed.

Class Counsel and defense counsel have decades of combined experience in the litigation and settlement of class actions (including multi-state class actions). In preparing the case for class certification, and prior to negotiating the settlement, Class Counsel conducted extensive work and completed discovery regarding the extent and value of the Class claims. Based upon their extensive work up of the case, Class Counsel support the Settlement as fair and reasonable and as prompt possible monetary relief to the members of the Class.

Progressive has likewise consulted its counsel and wishes to resolve this total loss litigation and the resulting potential exposure in Washington State. After extensive discussions with Plaintiffs' counsel it has produced the Class list upon which the settlement was based, and after extensive analysis of the facts and results in prior cases, and to avoid the risk and expense of further litigation, without waiving its defenses, or agreeing that it has any liability, Progressive has agreed to the proposed settlement.

    2.    *The Settlement Provides Reasonable Relief to Class Members*

As with other recent total loss settlements (involving both the Mitchell "projected sold

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

adjustment" deduction and the related Audatex "typical negotiation adjustment") negotiated by Proposed Class Counsel, this is not a "one size fits all" settlement.  The proposed settlement provides for actual cash compensation to all eligible Class Members who submit a valid claim form on a *proportional* basis, based upon each Class Member's vehicle value and the average percentage projected sold adjustment deduction to distribute settlement payments.  As a result, the more valuable a class members' vehicle, the higher the recovery.  Given the relatively small size of the claims at issue (settlement payments will be on average in the range of $500 per Class Member)[8] the settlement will provide reasonable and quick relief to members of the settlement class without requiring expensive and time-consuming individual proceedings, and without the risk of proceeding forward with litigation.  As in *In Re Hyundai*, there will be a "substantial cash payment" (in *Hyundai* "ranging from $240 to $1420", *id*. at 569) with the numbers in this case being substantially higher for those with more valuable vehicles.

   3.   *The Settlement Treats All Class Members Consistently and Fairly*

As indicated above, all eligible Class Members who submit a valid claim form benefit under the proposed settlement.  No segment of the eligible Class is excluded or consigned to inferior benefits.  All eligible Class Members who submit a valid claim form will be compensated based on the same methodology.  Because settlement benefits will be calculated based on a standardized methodology, all Class Members will receive the same value for the same magnitude of claim.

Under the settlement, and as disclosed in the notice, the Class representatives can seek an

---

[8] Based on the undersigned's experience from prior settlements, the settlement payments to Class Members can typically range from a few hundred dollars to several thousand dollars.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

award of up to $10,000.00 in recognition of their service on behalf of the Class. Unlike unnamed Class Members, who are the passive beneficiaries of his efforts on their behalf, the representative Plaintiffs exposed himself to investigation, were deposed, and assisted Class Counsel with responses to Defendant's discovery requests and have been actively involved in the litigation. Incentive awards are routine and proper and promote the public policy of encouraging individuals to undertake the commitment and responsibility of representative lawsuits. Such awards can normally range from several hundred to many thousands of dollars, and a request for $10,000.00 is at the modest end of the spectrum. See, e.g., *Williams Corp. v. Kaiser Sand & Gravel Co.*, No. C91-4028 MHP, 1995 WL 1781676 (N.D. Cal. Sept. 19, 1995) ("finally, the court authorizes an additional payment of $10,000.00 to . . . the Class Representative as compensation for its time and effort expended in the case."); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (incentive awards to compensate the class representatives for "time, risk and expenses" granted in amounts ranging from $35,000.00 to $55,000.00); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing the modest compensation to class representatives seems obvious," and awarding $20,000.00 to two named class representatives). It is also similar to the amount approved in prior total loss settlements, e.g. *Stier, supra* (approving $10,000 incentive award), and similar awards in other insurance claims. *E.g. Kogan v. Allstate Fire & Cas. Ins. Co.*, No 15-cv-05559-BHS (W.D. Wa. August 16, 2021) (awarding $10,000 to class representatives in diminished value case).

    4.    *There Has Been No Collusion*

The settlement negotiations were conducted at arm's-length through a mediator, with the exchange of several drafts of settlement papers, which in turn were based upon those used (and approved) in prior cases including *Stier*.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 13

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

At the time of final settlement approval, Class Counsel will seek Court approval of their request for an award of attorneys' fees of up to 26% and reimbursement of costs. While the actual application is not filed at this time, the likely fee request is disclosed in the notice (allowing any objections to be raised) Plaintiff's counsel note that the percentage request is in the typical 20-30% "benchmark" fee applied under Washington Law. *Hanlon*, 150 F.3d at 1029; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48, 1051, n.6 (9th Cir. 2002) (holding that under *Mangold v. Calif. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) court would apply *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993), noting that 20-30% range was typical).[9]

Ninth Circuit jurisprudence permits the application of "common fund" principles where (as in this case) the class of beneficiaries is identifiable, and the benefits can be traced in order to allocate the fees to the class. *Glass v. UBS Financial Services, Inc.*, 2009 WL 1360920, 3 (9th Cir. 2009) (citing *Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir.1985) and *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 265 n. 39 (1975)). When viewed as a percentage of the settlement value made available, the amount of Class Counsels' fee request allowed under the Settlement Agreement is within the traditional 20% to 30% range of attorneys' fees regularly approved in class actions. See, e.g., *Awarding Attorney's Fees and Managing Fee Litigation* 68 (Federal Judicial Center 1994) ("most district courts select a percentage in the 20%

---

[9] Plaintiff notes that the Settlement, as in *In Re Hyundai*, is not a "sweetheart deal" and "bears none of the typical signs of collusion between class counsel and defendants, such as when class counsel "receive a disproportionate distribution of the settlement," *Bluetooth Headset*, 654 F.3d at 947 (quoting *Hanlon*, 150 F.3d at 1021), the agreement contains a "clear sailing" provision for attorney's fees "separate and apart from class funds," id., or unawarded fees revert to the defendants rather than to the class, *id*." *In Re Hyundai*, 926 F.3d at 569.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 14

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

to 30% range, and the Ninth Circuit has indicated that 25% is the 'benchmark award'"). This is recognized in the Ninth Circuit in connection with common fund cases such as class actions. "This circuit has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon.*, 150 F.3d at 1029 (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990)). The amount requested in this Settlement fits squarely within this range. <u>The Court need not decide fees at this time</u>, and the foregoing is provided only to show that the fee that can be requested falls within the range of reasonableness, which is all that is required for preliminary approval.

## VIII. THE PROPOSED NOTICE PLAN SATISFIES DUE PROCESS

Pursuant to FRCP 23(c)(2)(B),

B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

It is well settled that in order to protect the rights of absent class members, the Court must provide the best notice practicable to class members of a potential class action settlement. See *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 70 S. Ct. 652, 94 L. Ed. 865 (1985);

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 15

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-175, 94 S. Ct. 2140, 40 L. Ed.2d 732 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed.2d 865 (1950). "Rule 23 . . . requires that individual notice in [opt-out] actions be given to all class members 'who can be identified through reasonable efforts' with others given the 'best notice practicable under the circumstances' . . . Due process does not require actual notice to parties who cannot reasonably be identified." *Eisen*, 417 U.S. at 175-76.

Here, the notice (Dkt#65-2) to be attached to the Preliminary Approval Order satisfies these criteria. Copies of the Settlement Agreement, which is lengthy and cannot practicably be incorporated into the published form of notice without causing confusion, will be available on the website and upon request by Class Members, as *Manual* § 21.311 recommends. The notice also includes understandable information on the claims asserted by Plaintiff in this action, as well as the preliminary certification of this Class for settlement purposes only. As the *Manual* concludes:

> Even though a settlement is proposed, the original claims, relief sought, the defenses should be outlined; such information is necessary for Class members to make an informed decision. The notice should describe clearly the options open to the class members and the deadlines for taking action. *Id.* at § 21.312.

The proposed form of Individual Notice satisfies all these standards and should be approved. The roughly 45-day opt-out period (the exact period being determined by the date set for final approval, on or around seventeen weeks after preliminary approval is granted) is sufficient to allow all Class Members to review the settlement materials and reach a timely decision to remain within the Class or opt-out, and is longer than the 30-40 day period to opt-out which is commonly provided for and approved in consumer class action cases.

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 16

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

Proponents of the Settlement may explain and describe the terms and conditions of the Settlement and offer argument in support of final approval; in addition, Class Members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. The Court will determine at the hearing whether the Settlement is entitled to final approval and final order and judgment under FRCP 23(e) may thereupon be entered.

The proposed hearing date allows sufficient time for opt-outs (if any) to be tabulated and for any response (if any objections are filed) to be prepared and filed with this Court yet allows the Settlement (if approved) to be finalized as soon as possible, while continuing to allow Class Members to submit claims until about 45 days after final approval would be granted. This will allow Class Members to receive the benefits of the Settlement as soon as possible, while allowing a longer claims period.

## IX. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court GRANT preliminary approval of the proposed Settlement, in the form of Order attached hereto, preliminarily certify the proposed Settlement Class, order that notice be provided to Settlement Class members, and schedule the fairness hearing on final settlement approval as the Court's calendar permits on or after seventeen (17) weeks after the date when preliminary approval is granted.

RESPECTFULLY SUBMITTED this 7th day of September 2021.

The Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA # 15642

Scott P. Nealey (admitted pro hac vice)
Law Office of Scott P. Nealey

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 17

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

315 Montgomery Street, 10th Floor,
San Francisco, CA 94104
snealey@nealeylaw.com

**Attorneys for Plaintiffs**

UNOPPOSED MOTION FOR PRELIMINARY
<u>APPROVAL OF CLASS ACTION SETTLEMENT</u> - 18

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 7th day of September, 2021, I [ X ] e-mailed [   ] mailed via regular U.S. mail [   ] faxed [   ] delivered by legal messenger a true and correct copy of this document to counsel of record.

DATED: September 7, 2021.

_____
SARA B. WALKER, Legal Assistant

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 19

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax