HONORABLE BARBARA J. ROTHSTEIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AMEEN STANIKZY; | NO. 2:20-cv-00118-BJR |
| Plaintiff, | SETTLEMENT AGREEMENT |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY. | |
| Defendant. | |

Counsel for Plaintiffs Ameen Stanikzy, Niklas Steidl, and Jon Mackay (the "Named Plaintiffs"), on behalf of the putative classes in the above-captioned lawsuit (the "Action"), and counsel for Defendant Progressive Direct Insurance Company ("Progressive Direct" or "Defendant," collectively with the Named Plaintiffs, the "Parties"), enter into this Agreement of Settlement (the "Settlement" or the "Settlement Agreement"), with the approval and authority of their respective clients, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## RECITALS

WHEREAS, Plaintiff Ameen Stanikzy filed the original Complaint in this Action on January 24, 2020 in the United States District Court for the Western District of Washington, Case No. 2:20-cv-00118-BJR, asserting claims against Progressive Direct for breach of contract and violations of the Washington Consumer Protection Act, WAC 284-30-391, RCW 19.86 *et seq*.; and

WHEREAS, on February 3, 2020, Plaintiff Stanikzy filed an Amended Class Action Complaint (the "Complaint"), served upon Defendant, which is the operative Complaint in this Action; and

WHEREAS, on September 11, 2020, Plaintiff Stanikzy moved to certify a class defined as

All Progressive insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation from Mitchell based upon the value of comparable vehicles which took a deduction/adjustment for "Projected Sold Adjustment"; and

WHEREAS, on November 30, 2020, Plaintiff Stanikzy moved to amend his motion for class certification to add Jon Mackay and Niklas Steidl as named plaintiffs and proposed representatives of the proposed class; and

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 1

WHEREAS, the Named Plaintiffs and the Class Members were insureds under automobile insurance policies issued by Progressive Direct whose vehicles were adjusted to be total losses by Progressive Direct, covered under comprehensive, collision, and/or UMPD coverages, and who received vehicle valuations from Progressive Direct which were based upon WorkCenter Total Loss ("WCTL") valuations that included one or more "projected sold adjustments" ("PSAs," each a "PSA"); and

WHEREAS, the Complaint alleges generally, that, in breach of the policies and in violation of WAC 284-30-391, RCW 19.86 *et seq*., Progressive Direct failed to pay the Named Plaintiffs and Class Members fully for the total loss claims due to the application of a PSA; and

WHEREAS, the Named Plaintiffs, through counsel, while believing that the claims asserted in the Action have merit, examined the benefits to be obtained under the terms of the contemplated Settlement, considered the risks and delay associated with the continued prosecution and appeals of the Action and the likelihood of success on the merits of the Action, and believe that, in consideration of all the circumstances, the Settlement is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and Class Members; and

WHEREAS, Progressive Direct believes it has numerous defenses having substantial merit, including class defenses, and maintains that it has consistently acted in accordance with governing laws at all times and denies wrongdoing of any kind whatsoever, but without admitting liability, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and burden associated with further litigation, and to be free of any further controversy with respect to the claims which were asserted or could have been asserted in the Action;

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 2

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised as between the Named Plaintiffs, the Class Members, and Progressive Direct upon approval of the Court after hearing as provided for in this Agreement, on the following terms and conditions:

## I.    DEFINITIONS

In addition to the foregoing, the following terms shall have the meanings set forth below:

1.    "Claim" means a request by a Named Plaintiff or a Class Member for a benefit under the Settlement Agreement.

2.    "Claimant[s]" mean those Class Members who submit a Valid Claim Form.

3.    "Claim Form" means that form attached to or accompanying the Individual Notice, pursuant to which Class Members may elect to participate in this Settlement. The Claim Form shall be printed on blue or green paper for visibility and easy identification. The Claim Form shall be in substantially the same form as the document attached hereto as **Exhibit "A."**

4.    "Claim Form Submission Date" means a date not later than one hundred (100) days after mailing of the Individual Notice and Claim Form.

5.    "Claims Administrator" means the firm approved by the Court to administer all aspects of the Settlement. The Parties agree to jointly recommend to the Court that KCC shall be appointed as the Claims Administrator.

6.    "Class Counsel" means the following attorneys who represent the Named Plaintiffs and Class Members:

Stephen M. Hansen
Law Offices of Stephen M. Hansen
P.S. 1821 Dock Street, Suite 103
Tacoma, WA 98402

AND

Scott P. Nealey
Law Office of Scott P. Nealey
315 Montgomery Street, 10th Floor,

7.      San Francisco, CA 94104 "Class Period" means the period from January 24, 2014, to July 11, 2021.

8.      "Complaint" means the Amended Class Action Complaint filed in this Action on February 3, 2020.

9.      "Court" shall mean the United States District Court for the Western District of Washington.

10.     "Defendant" means Progressive Direct Insurance Company.

11.     "Deficient Claim Form" means a claim form that is not signed by the Claimant, stating that the Claimant "affirm[s] that the responses I have provided above are true and correct, to the best of my knowledge," or where the Claimant's name is not legibly printed, or where not all of the questions have been answered.

12.     The "Effective Date" of this Agreement shall be the first date after which all the following events and conditions have been met or have occurred:

a.   All parties have executed this Agreement;

b.   The Court has, by entry of the Preliminary Approval Order, preliminarily approved this Agreement, the Settlement set forth herein and the method for providing notice to the Class; and,

c.   The Court has entered the Final Approval Order and Judgment, finally approving the Settlement, and releasing the Released Persons from the Released Claims and dismissing with prejudice, and without leave to amend, the Action and all claims asserted therein and the Final Approval Order and Judgment is fully enforceable,

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 4

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    and either the time in which to appeal is expired or any appeals have been fully and

2    finally resolved.

3        13.    "Class Member" shall mean a member of the Settlement Class or his or her Legally

4    Authorized Representative.

5        14.    "Eligible Class Member" is a Class Member who has submitted a Valid Claim Form

6    and whose Claim or eligibility has not been successfully challenged by the Defendant.

7        15.    "Final" means, with respect to the Final Approval Order and Judgment, that the

8    Final Approval Order and Judgment is entered by the Court and the time for appeal from such

9    Final Approval Order and Judgment, if standing for an appeal exists in any objector, has lapsed

10   (including, without limitation, any extension of time for the filing of any appeal that may result by

11   operation of law or order of the Court) with no notice of appeal having been filed, or if an appeal

12   is filed, the day that the Final Approval Order and Judgment is affirmed, all appeals are dismissed,

13   and no further appeals to, or discretionary review in, any court remains.

14       16.    "Final Approval Order and Judgment" means the Order to be entered by the Court,

15   substantially in the form attached hereto as **Exhibit "B"** or such other form as is mutually

16   agreeable to the Parties, approving this Settlement as fair, adequate, and reasonable and in the best

17   interests of the Settlement Class as a whole in accordance with the applicable Federal Rules of

18   Civil Procedure and/or other applicable law, and making such other findings and determinations

19   as the Court deems necessary and appropriate to effectuate the terms of this Settlement, with the

20   Court retaining jurisdiction over the Settlement and its administration.

21       17.    "Final Settlement Hearing" / "Final Approval Hearing" means the hearing at which

22   final approval of the Settlement in this matter is sought.

23

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 5

18.    "Individual Notice" means the notice that the Settlement has been preliminarily approved, in substantially the same form and with substantially the same content as **Exhibit "C"** hereto, to be sent to Class Members by first-class mail, supplemented by e-mail notice where an e-mail address is available on returned mail, as set forth in Section IV below.

19.    "Legally Authorized Representative" means an administrator/administratrix or executor/executrix of a decedent's estate, a guardian, conservator, or next friend of an incapacitated person or any other legally appointed person or entity responsible for handling the business affairs of a person, and/or the spouse or domestic partner of any person that otherwise is a member of the Settlement Class.

20.    "Market Value" means the market value (*i.e.*, base value plus or minus condition adjustments) of a Class Member's total loss vehicle as reflected on the WorkCenter Total Loss valuation report for that vehicle and to be provided by Defendant to Class Counsel in spreadsheet form.

21.    "Named Plaintiffs" means Jon Mackay, Ameen Stanikzy, and Niklas Steidl.

22.    "Notice" means, collectively, the communications by which Class Members are notified of the existence and terms of the Settlement and their ability to file a claim, along with the provided claim form(s).

23.    "Notice Date" means the date upon which Individual Notice is first mailed to Class Members.

24.    "Objection" means a written objection to the Settlement by those who do not opt out which is served no later than fourteen (14) days before the Final Settlement Hearing and meets the other conditions specified in this Agreement.

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 6

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

25.    "Opt Out" means any person who sends a written communication requesting exclusion from this Settlement, which communication is received no later than fourteen (14) days before the Final Settlement Hearing.

26.    "Preliminary Approval Order" means the Court's preliminary approval of this Settlement in substantially the form attached hereto as **Exhibit "D."**

27.    "Released Claims" means and includes, whether known or unknown, any and all claims for relief or causes of action, claims, rights, demands, actions, suits, debts, liens, contracts, liabilities, agreements, interest, fees, costs, expenses or losses, including but not limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, administrative code, or regulation, and any other claims for relief and/or remuneration whatsoever, including, but not limited to, all claims arising out of the Defendant's handling or administering of claims for coverage for total loss payments; including claims for bad faith; claims for the amounts of total loss payments; breach of any written or oral agreement or insurance contract or any similar act; waiver; estoppel; any tortious injury, including any intentional or negligent acts; agent negligence; failure to procure coverage or misconduct; punitive damages; treble damages; statutory damages; regulatory claims; claims for violation of the Revised Code of Washington or similar statutes; claims for violation of the Washington Consumer Protection Act or any similar act; claims for violation of the Washington Insurance Fair Conduct Act or any similar act; misrepresentation; and/or any claim for attorneys' fees and expenses; arising on or before the date hereof, which the Releasing Parties had or could have alleged in the Action that relate in any way whatsoever to the settlement of a Class Member's total loss claim.

28.    "Released Persons" means the Defendant, as defined in the Agreement, and any of its past, present, or future subsidiaries, controlled, affiliated, related, and/or parent corporations,

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

business entities or divisions, heirs, predecessors, successors, assigns, officers, stockholders, insurers, reinsurers, underwriters, directors, agents, employees and/or independent contractors, attorneys-in-fact, attorneys at law, and/or any other person or entity who could or might be subject to any liability under or through, or derivatively of any of the foregoing.

29.    "Releasing Parties" means the Named Plaintiffs, the Class Members, their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, employees, executors, administrators, insurers, reinsurers, underwriters, directors, and/or past, present, and future parent, subsidiary and affiliated corporations, lienholders, financing companies, gap insurers, and any other person or entity who could or might assert any claim under or through any of the foregoing.

30.    "Settlement Class" means the class described of the following persons:

> All Progressive Direct insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages and who received a total loss valuation derived from a Mitchell International, Inc. WorkCenter Total Loss Report, based upon the value of comparable vehicles, which took a deduction/adjustment for "Projected Sold Adjustment."

Excluded from the Settlement Class are (a) the assigned Judge, the Judge's staff and family, and Progressive employees, (b) claims for accidents with dates of loss occurring before January 24, 2014 or valuation dates occurring after July 11, 2021[1], (c) claims on "non-owned" (borrowed or rented) vehicles; (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive or valuation paid was determined using the appraisal clause; and (e) Opt Outs.

---

[1] The date at which Progressive ceased taking a "Projected Sold Adjustment" on Washington claims.

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

31.    "Settlement Class List" means the list of potential Class Members to be furnished to Class Counsel and the Claims Administrator by Defendant for purposes of providing Notice.

32.    "Settlement Fund" means the virtual common fund of approximately $19,228,696.06.[2]

33.    "Valid Claim Form" means a timely Claim Form submitted by a Class Member who has not requested exclusion from the Settlement, on paper or via the Settlement website established by the Claims Administrator, signed (electronically or on the paper form) by the Class Member, stating that the Class Member "affirm[s] that the responses I have provided above are true and correct, to the best of my knowledge" and where all questions on the claim form have been answered with a "Yes," "No," or "I don't know," as set forth in **Exhibit "A"** hereto.

## II.    CLAIMS PROCEDURE AND PAYMENT

34.    In order to receive payment under this Settlement, Class Members must submit a Valid Claim Form postmarked or received online by a date no later than one hundred (100) days after the date of mailing of the Individual Notice.

35.    Deficiency notices will be sent by the Claims Administrator within sixty (60) days after the Claim Form Submission Date to Claimants who have timely submitted Deficient Claim Forms, identifying the deficiency and providing the Claim Form to be corrected. Any Deficient Claim Forms shall be subject to having the deficiencies corrected and timely returned by Claimants within forty-five (45) days of date of the deficiency notice. Upon proper completion and timely return, such Deficient Claim Forms shall be considered Valid Claim Forms. Claim Forms that are not timely returned, or are returned but still contain deficiencies, will be considered invalid.

---

[2] This figure represents the "market value" of the vehicles on the class list multiplied by 7.4% and 93.33%

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 9

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

36.    The Claims Administrator shall submit the Valid Claim Forms as they are received to Defendant. Defendant shall have up to seventy-five (75) days after the Claim Form Submission Date to challenge any Claim (the "Challenge Process"). If the Valid Claim Forms are not challenged by Defendant within seventy-five (75) days after the Claim Form Submission Date, these Class Members who submitted these Claims become Eligible Class Members and payment will be sent to them within thirty (30) days after the deadlines to challenge such claims have expired, but in no event prior to thirty (30) days after the Effective Date.

37.    A Claimant who submits a Valid Claim Form will not be eligible to receive payment if, as part of the Challenge Process, Defendant shows that:

a.    The Class Member exercised his or her right to an appraisal or received a settlement payment based on a valuation performed by an agreed neutral third party, in which case that Class Member shall not be entitled to receive any payment. A Class Member's indication on the Claim Form that the Class Member exercised his or her right to an appraisal or was paid on a valuation performed by an agreed neutral third party shall be conclusive proof and no further proof by Defendant shall be required, but Defendant shall have the right to audit any Valid Claim Form regardless of the information provided by the Class Member on the Claim Form.

b.    The insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive;

c.    The Class Member received from Defendant a total loss payment that was equal to or greater than the Mitchell valuation with the PSA amounts, if any, added back in;

d. The Class Member received from Defendant a total loss payment that was <u>greater</u> than the amount of the Mitchell valuation with the PSA deduction, but <u>less</u> than that Mitchell valuation with the PSA added back in, the Class Member shall only be entitled to receive a payment equal to the difference between what was paid as the total loss valuation and the Mitchell valuation with the PSA added back in. (For example, if the Mitchell valuation was $9,000, with PSA estimated to be $1,000, and Progressive identifies that it paid $9,500 as the total loss valuation, the Class Member would be entitled to receive a payment of $500. As a further example, if under the same Mitchell valuation identified above of $9,000, with PSA estimated as $1,000, Progressive identifies that it paid the Class Member $10,000, the Class Member would not be entitled to any payment);

e. The Class Member, never received a valuation based upon a WorkCenter Total Loss Report from Progressive;

f. The Class Member received a settlement payment based on a valuation generated by WorkCenter Total Loss, but that valuation did not in include a projected sold adjustment.

38.    Defendant shall provide notice to Class Counsel within seventy-five (75) days after the Claim Form Submission Date, if it believes that any Claimants who have submitted a Valid Claim Form are ineligible to receive payment, or should receive a reduced payment. The Parties are to discuss any challenge raised by Defendant and whether such Claim Form is excludable under the Settlement and shall have thirty (30) days from such notice to reach an agreement on the eligibility determination of the Claimant. In the event that the Parties cannot agree, the Parties shall present any dispute for resolution by the Court in a single motion. Other than as to the unanticipated

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 11

event of such a motion being made, the matter will be final after the Effective Date. Defendant shall have thirty (30) days from the date a Claimant is determined by the Court or by the Parties to be an Eligible Class Member to send payment to them, but in no event earlier than thirty (30) days after the Effective Date.

39.    Other than when payments are successfully challenged in whole or in part under Paragraphs 37 and 38, resulting in no payment or a partial payment, Payment to Class Members ("Settlement Payments") shall be equal to 7.4% of the Market Value of the Class Member's WCTL valuation, after a proportionate deduction for Class Counsel's fees, Class Counsel costs, costs of Claims administration, and any class representative service awards. (For example, if costs, Class Counsel fees, and the service awards are paid as specified herein in full, individual awards will be reduced by 26.2827% not accounting for any costs of administration). Any portion of the Settlement Fund that is not paid as a Settlement Payment, as Class Counsel fee, Class Counsel Costs, the costs of Claims administration, or as a service award, will remain the property of Defendant and will not be subject to the applicable escheat laws, not be considered as residual funds, and not otherwise subject to the doctrine of *cy pres* or its equivalent. For clarity, Defendant's sole obligation shall be to pay claims of Eligible Class Members, the Class Counsel fee, costs, and service award, the costs of settlement administration and no other amounts, whether or not those amounts meet or exceed the amount of the Virtual Common Fund.

40.    As set forth below, Defendant agrees not to oppose a request for, and to pay the Named Plaintiffs $10,000 each for their service as Named Plaintiffs if approved by the Court, within fourteen (14) business days after the Effective Date.

41.    The Releasing Parties fully understand and intend, upon advice of counsel, that pursuant to this Agreement, the payments set forth above (except the service fee to the Named

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 12

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Plaintiffs as set forth in Paragraph 40 above) shall be the only payment any or all of them will ever receive from the Released Parties relating in any way whatsoever to the Action and the Released Claims.

42.    If, among all checks that have been disbursed to Eligible Class Members, there are checks that have not been cashed within sixty (60) days of the check's date, or are returned as undeliverable, and no deliverable address can be identified through reasonable efforts, Defendant may stop payment on those uncashed checks, and the payment to the Eligible Class Member shall be deemed as having never been made; provided, however, that if a new address is located on a returned check, or an Eligible Class Member contacts the Settlement Administrator, Class Counsel, or Defendant within sixty (60) days of the date that payment, if any, was originally sent and establishes that he or she did not receive a check or if he or she requests a reissuance of the check, Defendant shall issue a replacement check. Checks will be reissued outside of the sixty (60) days only in the limited event of proof by a claimant of a valid deployment tolling the sixty-day period under the Servicemembers Civil Relief Act and 50 U.S. Code § 3936.  If the replacement check has not been cashed within sixty (60) days of the check's date, Defendant may stop payment on the uncashed check, and the payment to the Eligible Class Member shall be deemed as having never been made. Uncashed checks will remain the property of Defendant and will not be subject to the applicable escheat laws, not be considered as residual funds, and not otherwise subject to the doctrine of *cy pres* or its equivalent.

**III.    CLAIMS ADMINISTRATOR**

43.    The Parties agree to recommend to the Court that KCC shall act as the Claims Administrator. The Claims Administrator shall: (i) oversee the provision of Individual Notices to the Class; (ii) oversee identification of addresses for any returned mail, and remaining notice; (iii)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

process Claim Forms which are mailed or submitted electronically on the settlement website; (iv) contact Class Members whose Claim Forms are deficient to attempt to obtain a cured form (either electronically or by mail, depending on the manner in which the Class Member submitted the Claim Form); (v) process any cured Claim Forms; (vi) send Claim Forms to Defendant for challenge or payment; (vi) forward inquiries and questions to Class Counsel; (vii) establish a website for the submission of electronic Claim Forms and make relevant documents and updates on the status of the settlement available to Class Members; (viii) provide a certification upon completion of the claims process to the Court regarding the administration and processing of claims and, the issuance of the payments to the Claimants as set forth herein; and (ix) issue checks for valid claims.

44.     Defendant shall incur and be responsible for the costs of Claims administration, subject to the *pro rata* reduction of Settlement Payments described in Paragraph 39. Such costs include, without limitation, the reasonable costs of notifying the Class Members; the reasonable costs, after having cross checked the Settlement Class List addresses for current or more up to date addresses in their own records, of updating the addresses of Class Members from the National Change of Address Database; preparing the Individual Notice and Claim Forms; transmitting the Individual Notice and Claim Forms; processing the Claims; and costs associated with the services of the Claims Administrator to undertake any duties required to assist in the management of this Settlement, including, but not limited to, sending and processing deficiency notices and correspondence, and establishment of a website concerning the Settlement and providing for online submission of Claim Forms.

## IV.     NOTICE AND ADMINISTRATION OF SETTLEMENT

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 14

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

45.     No later than sixty (60) days after the Preliminary Approval of this Settlement, the Claims Administrator shall send a copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple qualifying total losses), pre-populated with the Class Member's name and most recent address, the date of the loss, and the vehicle make and year, by by first-class mail to each Class Member, using the most recent addresses provided by Progressive from its records. Prior to mailing any Individual Notices or Claim Forms, the Claims Administrator shall update the relevant Class Members' addresses on the Settlement Class List by running the addresses through the National Change of Address Database. Defendant and the Claims Administrator shall use their best efforts to complete the mailing of the Individual Notice and Claim Form to each Class Member on the Settlement Class List as soon as possible, but no later than sixty (60) days after the Preliminary Approval of the Settlement. The Individual Notice will be approved as to form and content by the Court and be in the form attached hereto as **Exhibit "C"** unless otherwise modified by agreement of the Parties and approved by the Court. The email or mailing to the Class Members that contains the Individual Notice will also include a copy of the Claim Form (or Claim Forms if an individual has multiple qualifying total losses) attached hereto as **Exhibit "A."**

46.     If any Individual Notice and/or Claim Form sent to any Class Member in accordance with the procedure set forth above is returned to the Claims Administrator as undeliverable, then the Claims Administrator shall re-send the returned Individual Notice and/or Claim Form to the Class Member by first-class mail to any forwarding address provided by the United States Postal Service, or if no forwarding address is available, to the e-mail address provided by Progressive, if one exists. The Claims Administrator will promptly log each Individual

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendant and Class Counsel as requested.

47.    A website for the Settlement administration will be established by the Claims Administrator wherein the Individual Notice, Claim Form, Agreement, approval papers, and any further necessary information, will be made available to the Settlement Class by the Claims Administrator. The website shall provide for the filling in and submission of Claim Forms electronically.

48.    Neither Defendant, Released Parties, Named Plaintiffs, nor any of their counsel, shall be liable for any act, or failure to act, of the Claims Administrator.

## V.    DECEASED CLASS MEMBERS

49.    Where a Class Member is deceased and a payment is due to that Class Member, the Settlement Payment may be made to such Class Member's Legally Authorized Representative.

## VI.    COMMUNICATIONS WITH THE CLASS

50.    The Individual Notice shall list Class Counsel's addresses, telephone numbers, and e-mail addresses. Other than as provided for in this Agreement, communications relating to the Action or this Settlement with Class Members receiving Individual Notices and Class Members shall be handled through Class Counsel. Neither Class Counsel, nor anyone acting on behalf of Class Counsel shall initiate any communications with Class Members prior to the Claim Form Submission Date except when necessary to answer a specific Class Member's question(s). Nothing in this Agreement shall be construed to prevent Defendant, its employees, agents, or representatives from communicating with Class Members in the normal course of their business operations. If a Class Member contacts Defendant (or one of its employees, agents, representatives, or attorneys) regarding the Settlement, Defendant (or its employee, agent, representative, or

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 16

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

attorney) shall direct the Class Member to contact Class Counsel using the information contained on the Individual Notice, and shall not otherwise comment on the Settlement.

## VII.    CLASS COUNSEL FEES, SERVICE AWARDS, AND CLASS COUNSEL COSTS

51.    Attorneys' fees and costs were not fully negotiated or discussed by Class Counsel and Defendant, nor agreed upon, until all other material terms of the settlement were resolved. Class Counsel will submit their fee and cost request, and any request for service awards for the Named Plaintiffs, to the Court. Class Counsel will not ask the Court for attorneys' fees in any amount beyond 26% of the Settlement Fund and out-of-pocket costs of up to $24,366. Class Counsel will request service awards for the Named Plaintiffs of $10,000.00 each. Any attorneys' fees and costs, and any service awards, awarded by the Court will be paid to Class Counsel and Named Plaintiffs, respectively, no later than fourteen (14) days after the Effective Date. Such payment shall be made by a check or wire issued to Law Offices of Stephen M. Hansen, P.S. Trust Account, unless other delivery instructions are provided to Defendant's counsel in writing by Class Counsel no later than seven (7) days after the Effective Date.

52.    The amounts set forth in Paragraph 51 shall constitute all the sums Defendant shall ever pay to Class Counsel as attorneys' fees, costs, or expenses. Defendant shall have no responsibility for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other person who may assert a claim thereto, of any attorneys' fees, costs, or expenses that the Court may award. Class Counsel and/or the Named Plaintiffs agree in all events that they will neither ask for nor receive or accept any more than the maximum amount of fees and/or costs set forth in Paragraph 51 above. Any award by the Court or any appellate court of attorneys' fees and costs or service awards, to be paid by Defendant in excess of the maximum

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

award agreed upon herein, shall not be executed upon in any fashion by Class Counsel and/or the Named Plaintiffs.

**VII.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF AGREEMENT.**

53.    The Named Plaintiffs, Class Members, and Defendant consent to the entry of a Final Approval Order and Judgment in the form attached as **Exhibit "B."**

54.    Within twenty (20) business days after notice of the occurrence of any of the following events, Defendant shall have the right, exercisable at its sole discretion, to terminate this Settlement Agreement by delivering written notification of such election to Class Counsel if:

　　　a.　The Court, or any appellate court(s), rejects, denies approval, disapproves the Settlement or any portion of this Settlement, including, but not limited to, the terms of the Settlement, Class relief, the provisions relating to notice, and the Released Claims;

　　　b.　The Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Settlement, Preliminary Approval Order, or Final Approval Order and Judgment;

　　　c.　Any financial obligation is imposed upon Defendant in addition to and/or greater than those specifically accepted by Defendant in this Settlement;

　　　d.　In the event that 5% or more of Class Members opt out or file requests for exclusion.

If Defendant exercises its right of termination pursuant to this Paragraph 54, this Settlement shall be null and void and of no force and effect.

55.    If the Settlement shall fail for any reason other than a breach by one of the Parties:

a. This Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Settlement shall be without prejudice to the rights and contentions of the Parties hereto and any of the Class Members:

b. This Settlement, all of its provisions and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective positions existing immediately before settlement negotiations and the execution of this Settlement;

c. This Settlement, any provision of this Settlement, and the fact of this Settlement having been made, shall not be admissible or entered into evidence for any purpose whatsoever;

d. Any judgment or order entered after the date of this Settlement will be vacated and will be without any force or effect. The Parties agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Settlement; and,

e. The Parties hereby agree that they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel, and other similar or related theories, that the Settlement and related pleadings and filings, any provision of this Settlement, the fact of this Settlement having been made, and any settlement negotiations preclude Defendant from opposing certification or the claims in the Action or in any other proceeding. The Parties further agree that, to the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence, received in evidence or used as precedent in any pending or future civil,

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 19

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

criminal, or administrative action or proceeding, to establish any liability or admission by Defendant, except in any proceedings brought to enforce the Agreement.

This Section shall survive any termination of this Agreement and Settlement.

56.     Upon the preliminary approval of this Settlement by the Court, as evidenced by entry of the Preliminary Approval Order, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Settlement or to comply with or effectuate the terms of this Agreement.

57.     If any of the events or conditions described above are not met or do not occur, this entire Agreement shall become null and void, except that the Parties shall have the option to agree in writing to waive the event or condition and proceed with this Settlement, in which case the Effective Date shall be deemed to have occurred on the date of said written agreement, or a date otherwise specified in said written agreement.

## IX.     OBJECTIONS AND REQUESTS FOR EXCLUSION

58.     Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, which must be received by the Claims Administrator no later than fourteen (14) days before the Final Settlement Hearing. Written requests for exclusion must be signed and include the individual's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class. Requests for exclusion must be exercised individually by the Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's Legally Authorized Representative.

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 20

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

59.     Class Members who do not opt out may object to the Settlement. Class Members who choose to object to the Settlement must file an Objection in accordance with Paragraphs 24 and 58 through 61. Any Class Member may appear at the Final Settlement Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

60.     To be effective, an Objection to the Settlement must:

a.  Contain a heading that includes the name of the case and case number;

b.  Provide the name, address, telephone number and signature of the Class Member filing the Objection;

c.  Be filed with the Clerk of the Court not later than fourteen (14) days before the Final Settlement Hearing;

d.  Be served on Class Counsel and counsel for the Defendants no later than fourteen (14) days prior to the Final Settlement Hearing;

e.  Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he or she must comply with all applicable laws and rules for filing pleadings and documents in this Court; and

f.  State whether the objector intends to appear at the Final Settlement Hearing, either in person or through counsel.

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

61.    In addition to the foregoing, an Objection must contain the following information, if the Class Member or representing attorney requests permission to speak at the Final Settlement Hearing:

    a.    A detailed statement of the specific legal and factual basis for each and every objection; and,

    b.    A detailed description of any and all evidence the objector may offer at the Final Settlement Hearing, including photocopies of any and all exhibits which the objector may introduce at the Final Settlement Hearing.

62.    All objectors shall make themselves available to be deposed by any Party in the county of the objector's residence within seven (7) days of service of the objector's timely Objection.

63.    Any Class Member who does not file a timely Objection in accordance with this Section shall waive the right to object or to be heard at the Final Settlement Hearing and shall be forever barred from making any objection to the Settlement, or from filing or having standing to appeal any judgment or Orders issued by the Court. Class Members who object to the Settlement shall remain Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendant. To the extent any Class Member(s) objects to the Settlement, and such objection is overruled in whole or in part, such Class Member(s) will be forever bound by the Judgment of the Court.

## X.    REPRESENTATION OF OPT OUTS

64.    Class Counsel agree that any representation, encouragement, solicitation, or other assistance, including, but not limited to, referral to other counsel, of any Opt Out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 22

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest

2  with the Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that

3  it is otherwise not violative of any applicable rules governing the practice of law) not to represent,

4  encourage, solicit, or otherwise assist, in any way whatsoever (including, but not limited to

5  referrals to other counsel) any Opt Out except that referring such person to the Individual Notice

6  or suggesting to any such person the option of obtaining separate counsel, without specifically

7  identifying options for such counsel, shall be permitted under the terms of this provision.

8  Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise

9  not violative of any applicable professional rules) not to represent, encourage, solicit, or otherwise

10  assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form

11  of opt-out class, or any other person, in any subsequent litigation that person may enter into with

12  Released Persons regarding the Released Claims or any related claims, except that suggesting to

13  any such person the option of obtaining separate counsel, without specifically identifying options

14  for such counsel, shall be permitted under the terms of this provision.

## XI.    CONFIDENTIALITY AGREEMENT

16      65.    The following constitutes highly confidential and proprietary business information

17  of Defendant (the "Confidential Information"): (a) the names, addresses, policy numbers, and other

18  data and personally identifiable information concerning any insured of Defendant, including but

19  not limited to those on the Settlement Class List; (b) the electronic data processing and other record

20  keeping procedures and materials to be utilized by Defendant in identifying the Class Members,

21  the Settlement Class List of insureds and in otherwise effectuating Defendant's other obligations

22  under the Settlement; and (c) any documents produced by Defendant in this Action that have been

23  stamped confidential or by the document's nature or content is commonly recognized or

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 23

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

understood to contain confidential or proprietary business information. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel to any persons other than those described below.

66.     No person(s) other than Defendant's counsel, Class Counsel, clerical/administrative personnel employed by Class Counsel, the Claims Administrator, and such other persons as the Court may order after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

67.     Within sixty (60) days after the Effective Date, Class Counsel shall return, upon request, to Defendant all Confidential Information and copies thereof in their possession, custody, or control and delete any electronic copies of Confidential Information.

68.     Also in furtherance of this confidentiality provision, Class Counsel and the Named Plaintiffs agree not to make any statements to the media or in any public forum, orally or in writing, about the Action or this Agreement, other than statements which are fully consistent with this Agreement and the Class Notice.

## XII.     DISMISSAL OF ACTION, RELEASES, AND COVENANTS NOT TO SUE

69.     Upon the Court's final approval of this Agreement and the Settlement set forth herein, the Final Approval Order and Judgment shall be entered providing for the dismissal of the Action, with prejudice and without leave to amend, which includes the release by the Named Plaintiffs, the Releasing Parties and the Class Members, and including their past, present, or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, of all Released Claims against all Released Persons.

70.     Upon Final Approval of the Settlement, and as of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, the Releasing Parties and each Class

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 24

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Member, including Named Plaintiffs, and including their past, present, or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged all the Released Persons from all the Released Claims, to the fullest extent possible allowed by law, and shall be enjoined from continuing, instituting, or prosecuting any legal proceeding against the Released Persons relating in any way whatsoever to the Released Claims, except that Defendant shall not be released from its obligations to carry out the terms of this Agreement.

## XII.    DENIAL OF LIABILITY / NO PRECEDENTIAL VALUE

71.    Were it not for this Settlement, Defendant would have continued to contest each and every claim in the Action. Defendant maintains that it has consistently acted in accordance with governing laws at all times. Defendant denies all the material allegations set forth in the Action. Defendant has nonetheless concluded that it is in its best interest that the Action be settled on the terms and conditions set forth in this Agreement. Defendant reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Defendant to conduct its business unhampered by the distractions of continued litigation.

72.    As a result of the foregoing, Defendant enters into this Settlement Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 25

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendant.

73.    To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendant except in any proceedings brought to enforce the Agreement and except that Released Parties may file this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

74.    Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating, implementing, or seeking approval of this Agreement, shall be deemed an admission by Defendant that certification of a class or subclass is appropriate in any other litigation, or otherwise  preclude Defendant from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendant except as set forth herein.

## XIV.   MISCELLANEOUS PROVISIONS

75.    The Parties hereto agree to defend this Agreement against objections made to final approval of the Settlement or in any appeal of the Final Approval Order and Judgment or collateral attack on the Agreement or Final Approval Order and Judgment.

76.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 26

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

77.    Except as otherwise provided, this Settlement Agreement contains the entire agreement between the Parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and not mere recitals, and shall be construed as if drafted by all Parties hereto. The terms of this Settlement Agreement are and shall be binding upon each of the Parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member.

78.    This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all parties hereto. Amendments and modifications may be made without additional notice to the Class Members unless such notice is required by the Court.

79.    This Settlement Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Washington.

80.    The exhibits to this Settlement Agreement are an integral part of the Settlement and are hereby incorporated into and made a part of this Agreement.

81.    To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

82.    This Settlement Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties.

83.    This Agreement may be executed in counterparts, each of which shall constitute an original.

84.    The Parties will request that the Court retain continuing jurisdiction for the specific purpose of any suit, action, proceeding, or dispute arising out of or relating to this Settlement

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 27

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Agreement and the Settlement embodied herein, and maintain jurisdiction over all Class Members. Specifically, the Court shall retain jurisdiction for purposes of: (a) implementation, enforcement, and administration of the Settlement, including any releases in connection therewith; (b) resolution of any disputes concerning Settlement Class membership or entitlement to benefits under the terms of the Settlement; (c) enforcing and administering this Settlement Agreement; and (d) other matters related to the foregoing.

85.    Titles of sections to this Settlement Agreement are illustrative only and are neither binding on the Parties nor to be considered any part of the drafting history or other means of interpreting this Settlement Agreement.

86.    Paragraphs 1 through 84 are material provisions of the Settlement Agreement. In the event that any of those provisions is stricken or modified by the Court, either party may terminate the Settlement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**SIGNATURES ON FOLLOWING PAGE**

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 28

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

By: _____
Ameen Stanikzy

By: _____
Niklas Steidl

By: _____
Jon Mackay

By: _____
Defendant Progressive Direct Insurance Company

**APPROVED AS TO FORM AND SUBSTANCE:**

LAW OFFICE OF STEPHEN M. HANSEN, P.S.

Date: 9/2/2021

STEPHEN M. HANSEN, WSBA #15642
1821 Dock Street, Suite 103
Tacoma Washington 98402
Telephone: (253) 302-5955
Fascimile: (253) 301-1147
steve@stephenmhansenlaw.com

LAW OFFICE OF SCOTT P. NEALEY

Date: 9/2/2021

Scott P. Nealey (admitted pro hac vice)
315 Montgomery Street, 10th Floor,
San Francisco, CA 94104
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
snealey@nealeylaw.com

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 29

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**By:** _____
Ameen Stanikzy

**By:** _____
Niklas Steidl

**By:** _____
Jon Mackay

**By:** _____
Defendant Progressive Direct Insurance Company

**APPROVED AS TO FORM AND SUBSTANCE:**

LAW OFFICE OF STEPHEN M. HANSEN, P.S.

Date: _____

STEPHEN M. HANSEN, WSBA #15642
1821 Dock Street, Suite 103
Tacoma Washington 98402
Telephone: (253) 302-5955
Fascimile: (253) 301-1147
steve@stephenmhansenlaw.com

LAW OFFICE OF SCOTT P. NEALEY

Date: _____

Scott P. Nealey (admitted pro hac vice)
315 Montgomery Street, 10th Floor,
San Francisco, CA 94104
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
snealey@nealeylaw.com

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 29

**By:** _____
Ameen Stanikzy

**By:** _____
Niklas Steidl

**By:** _____
Jon Mackay

**By:** _____
Defendant Progressive Direct Insurance Company

**APPROVED AS TO FORM AND SUBSTANCE:**

LAW OFFICE OF STEPHEN M. HANSEN, P.S.

Date: _____

STEPHEN M. HANSEN, WSBA #15642
1821 Dock Street, Suite 103
Tacoma Washington 98402
Telephone: (253) 302-5955
Fascimile: (253) 301-1147
steve@stephenmhansenlaw.com

LAW OFFICE OF SCOTT P. NEALEY

Date: _____

Scott P. Nealey (admitted pro hac vice)
315 Montgomery Street, 10th Floor,
San Francisco, CA 94104
Telephone: (415) 231-5311
Facsimile: (415) 231-5313
snealey@nealeylaw.com

SETTLEMENT AGREEMENT
(2:20-CV-00118-BJR) - 29

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1

2

3

4

5   **By:** _____
    Ameen Stanikzy

6

7   **By:** _____
    Niklas Steidl

8

9   **By:** _____
    Jon Mackay

10

11  **By:** _____
    Defendant Progressive Direct Insurance Company

12

13  **APPROVED AS TO FORM AND SUBSTANCE:**

14                          LAW OFFICE OF STEPHEN M. HANSEN, P.S.

15  Date: _____
                            STEPHEN M. HANSEN, WSBA #15642
16                          1821 Dock Street, Suite 103
                            Tacoma Washington 98402
17                          Telephone: (253) 302-5955
                            Fascimile: (253) 301-1147
18                          steve@stephenmhansenlaw.com

19
                            LAW OFFICE OF SCOTT P. NEALEY
20
    Date: _____
21                          Scott P. Nealey (admitted pro hac vice)
                            315 Montgomery Street, 10th Floor,
22                          San Francisco, CA 94104
                            Telephone: (415) 231-5311
                            Facsimile: (415) 231-5313
23                          snealey@nealeylaw.com

SETTLEMENT AGREEMENT                    **CHRISTIE LAW GROUP, PLLC**
(2:20-CV-00118-BJR) - 29                2100 WESTLAKE AVENUE N., SUITE 206
                                        SEATTLE, WA 98109
                                        206-957-9669

### *STANIKZY v. PROGRESSIVE DIRECT INSURANCE COMPANY*
**Total Loss Class Action Settlement**
**Claim Form**

Dear [NAME]:

You are receiving this claim form as part of a class action settlement overseen by the United States District Court for the Western District of Washington.  PROGRESSIVE DIRECT INSURANCE COMPANY's ("PROGRESSIVE")'s records show that you may be eligible to receive money from the settlement, because PROGRESSIVE settled a total loss claim for an accident on [Date] on a [vehicle year, make, model] vehicle insured by you with PROGRESSIVE, and that PROGRESSIVE may have used a valuation report from Mitchell to adjust your claim.

**If you submit this Claim Form, and your claim is found to be valid, you will receive a check to compensate you for the Mitchell valuation having taken a deduction for "projected sold adjustment."**  If eligible, your check will likely be around 5.4% of the Mitchell total loss valuation used to pay your claim.

To recover your share of the settlement, you must answer, <u>to the best of your knowledge,</u> the following questions below.  If you do not know the answer, circle "I don't remember."

|  |  | *Circle one answer in each row below:* | | |
|---|---|---|---|---|
|  | When you settled your total loss claim with PROGRESSIVE: |  |  |  |
| 1. | Did you use the appraisal process under your policy to value your vehicle or were you paid the amount of a valuation performed by an agreed neutral third party? | Yes | No | I don't remember |
| 2 | Did you or someone acting on your behalf provide PROGRESSIVE with another valuation? | Yes | No | I don't remember |
| 3 | To settle your claim, did PROGRESSIVE agree to pay you more for your vehicle than its valuation of the loss? | Yes | No | I don't remember |

I affirm that the responses I have provided above are true and correct, to the best of my knowledge.

**Date:** _____     **Signature:** _____

**Printed Name:** _____

### <u>Your contact information</u>

Please update your contact information below. This will allow us to follow up and to send you your check if your claim form is valid.

| Name: | [pre-print] | _____ |
|---|---|---|
| Mailing address: | [pre-print] | _____ |
| Email Address(es): | | _____ |
| Phone Number(s): | | _____ |

| To be valid, this form must be postmarked or submitted online at _____ by **[DATE], 2021** | Further instructions are on the back of this page. |
|---|---|

WORKAMER\11652\197023\39163020.v2-8/31/21

Submit your form in any of these ways:

Online:  www.XXXXXX.com

Mail:
[Claims Administrator's address]

Questions?

Visit www.XXXXXX.com

or

Call XXX-XXX-XXXX

To be valid, this Claim Form must be
postmarked or submitted online
by **[DATE], 2021**

If the addressee of this form is unable to fill out this form, and you have received it as you are their legally authorized representative, please so note on the form, and under your name please write in what capacity you are filling out the form (administrator, executor, guardian, conservator, next friend, spouse, person with durable power of attorney, etc.).

The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

|  |  |
|---|---|
| AMEENJOHN STANIKZY,<br><br>                    Plaintiff,<br><br>v.<br><br>PROGRESIVE DIRECT INSURANCE COMPANY,<br><br>                    Defendant. | No. 2:20-CV-00118 BJR<br><br>[PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE |

THIS MATTER comes before the Court via motion for final approval of the Settlement, submitted on _____, 2021 and the written agreement memorializing that Settlement (the "Settlement Agreement") and the Court's earlier Order on _____ Granting Preliminary Approval Of Class Action Settlement  The parties have appeared through their respective counsel.

WHEREAS, Plaintiffs, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, on behalf of themselves and the proposed Settlement Class, and Defendant, Progressive Direct Insurance Company ("Progressive"), have executed and filed a Stipulation of Settlement with the Court on _____, 2021; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on _____, 2021, entered the Preliminary Approval Order, preliminarily approving the Proposed Settlement; and

WHEREAS, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay were appointed the Class Representatives for the settlement Class; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Defendant and Class Counsel have satisfactorily indicated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held  [with no objections having been filed or received by the Court to the Settlement Agreement] or [at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered];

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1.      The Complaint filed in this Action alleges generally that, in breach of its insuring agreements with Plaintiffs and members of the settlement Class, Defendant improperly failed to compensate the Plaintiffs and Settlement Class Members (as hereinafter defined) for the full value of their total loss claims.

2.      On _____, 2021 the Court preliminarily approved a settlement of

claims and conditionally certified this matter as a class action for purposes of such settlement,

defining the Class as follows:

> All Progressive Direct insureds with Washington first party personal line policies
> issued in Washington State, who received compensation for the total loss of their
> own vehicles under their First Party (Comprehensive, Collision, and UIM)
> coverages, and who received a total loss valuation derived from a Mitchell
> International, Inc. WorkCenter Total Loss Report, based upon the value of
> comparable vehicles which took a deduction for a "Projected Sold Adjustment."

> Excluded from the Class would be (a) the assigned Judge, the Judge's staff and
> family, and Progressive employees, (b) claims for accidents with dates of loss
> occurring before January 24, 2014 or valuation dates occurring after July 11, 2021
> (the date at which Progressive ceased taking a "Projected Sold Adjustment" on
> Washington claims), (c) claims on "non-owned" (borrowed or rented) vehicles;
> (d) claims where the insured submitted written evidence supporting a different
> valuation, and the amount of that different valuation submitted by the insured was
> paid by Progressive or valuation paid was determined using the appraisal clause;
> and (e) Opt Outs.

3.      The Court hereby re-affirms this definition for purposes of this Final Judgment.

4.      The Class Representatives have entered into the Settlement Agreement which has

been filed with the Court.  The Settlement Agreement provides for the Settlement of this Action

with Defendant on behalf of the Class Representatives and the Settlement Class Members,

subject to approval by the Court of its terms.  The Court scheduled a hearing to consider the

approval of the Settlement and directed that the Notice be disseminated in accordance with the

terms of the Preliminary Approval Order.

5.      In accordance with the terms of the Settlement and the Preliminary Approval

Order, the fully parties implemented the Notice Plan approved by the Court.  Defendant's

counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice

Plan, with the notice reading _____% of the class with written notice, and those where corrected

forwarding addresses were not obtainable, being sent supplemental notice, where possible, via e-mail.

6.      The Court hereby finds that the Notice Plan and the Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

7.      The Class Representatives and Defendant have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on _____, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

8.      The Court hereby finds that approval of the Settlement Agreement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

9.      The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto.

10.     The Court hereby finds the terms of the Settlement are fair, reasonable and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

11.     The Court possesses jurisdiction over the subject matter of this Action, the Class Representatives, the Settlement Class Members, Defendant, and the Released Persons.

12.    _____ Class Members have filed requests for exclusion.  All remaining Class

Members are therefore bound by this Final Judgment and by the Settlement Agreement.

13.    All provisions and terms of the Settlement are hereby found to be fair, reasonable

and adequate as to the Settlement Class Members and the Class Representatives, and all

provisions and terms of the Settlement are hereby finally approved in all respects.

14.    The Parties are hereby directed to consummate the Settlement in accordance with

its terms.

15.    This Action is dismissed in its entirety, on the merits, with prejudice and without

leave to amend, and all members of the Settlement Class and their respective heirs, predecessors,

successors, assigns, family members, personal representatives, attorneys, officers, stockholders,

employees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past,

present and future parent, subsidiary and affiliated corporations, and any other person or entity

who could or might assert any claim under or through any of the foregoing, shall be forever

barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a

representative capacity or on behalf of or as part of a class, and whether under State or Federal

statutory or common law, any Released Claim against any Released Person.

16.    As of the Effective Date, by operation of the entry of the Final Judgment, each

Settlement Class Member shall be deemed to have fully released, waived, relinquished and

discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that

the Settlement Class Members may have against all the Released Persons.

17.    "Released Claims" means and includes, whether known or unknown, any and all

claims for relief or causes of action, claims, rights, demands, actions, suits, debts, liens,

contracts, liabilities, agreements, interest, fees, costs, expenses or losses, including but not

limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, administrative code, or regulation, and any other claims for relief and/or remuneration whatsoever, including, but not limited to, all claims arising out of the Defendant's handling or administering of claims for coverage for total loss payments; including claims for bad faith; claims for the amounts of total loss payments; breach of any written or oral agreement or insurance contract or any similar act; waiver; estoppel; any tortious injury, including any intentional or negligent acts; agent negligence; failure to procure coverage or misconduct; punitive damages; treble damages; statutory damages; regulatory claims; claims for violation of the Revised Code of Washington or similar statutes; claims for violation of the Washington Consumer Protection Act or any similar act; claims for violation of the Washington Insurance Fair Conduct Act or any similar act; misrepresentation; and/or any claim for attorneys' fees and expenses; arising on or before the date hereof, which the Releasing Parties had or could have alleged in the Action that relate in any way whatsoever to the settlement of a Class Member's total loss claim.

18.     "Released Persons" means the Defendant, as defined in the Settlement Agreement, and any of their past, present or future subsidiaries, controlled, affiliated, related and/or parent corporations, business entities or divisions, heirs, predecessors, successors, assigns, officers, stockholders, insurers, reinsurers, underwriters, directors, agents, employees and/or independent contractors, attorneys-in-fact, and/or past, present and future parent, subsidiary and affiliated corporations and/or any other person or entity who could or might be subject to any liability under or through any of the foregoing.

19.    "Unknown Claims" means claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Stipulation, as to any of the Released Claims.

20.    It is hereby determined that the Notice Plan and the Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class and is therefore finally approved as reasonable.  Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Washington Code of Civil Procedure, and all other applicable laws.

21.    Within thirty (30) days after the Effective Date, Class Counsel shall return, upon request, to Defendant all Confidential Information and copies thereof in their possession, custody, or control and delete any electronic copies of Confidential Information.  Within forty-five (45) days after the Effective Date, Class Counsel shall deliver a letter to Defendant confirming their compliance with this paragraph -- including a description of steps taken to assure the deleted material cannot be recovered or restored.  In the event that any Confidential Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Confidential Information and/or documents.

22.    Also in furtherance of this confidentiality provision, Class Counsel and the Class Representatives agree not to make any statements to the media or in any public forum, orally or in writing, about the Action, or the Stipulation, other than statements which are fully consistent with the Stipulation and the Class Notice.

23.     Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any Opt Outs or any other person seeking to litigate with Defendant over any of the claims covered under the Release in this matter could place Class Counsel in an untenable conflict of interest with the Class.

24.     Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision. Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form of opt-out class, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims, except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

25.     Neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendant.  To the extent permitted by law, neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or

received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendant, except in any proceedings brought to enforce the Stipulation and except that any Released Persons may file this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Neither this Final Judgment, the Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of the Stipulation, shall be deemed an admission by Defendant that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Defendant from opposing or asserting any argument they may have with respect to certification of any class(es) or subclass(es) in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendant, except as set forth in the Stipulation.

26.    The Court has considered the request for a Class Representative award, and hereby approves and awards to each of the Class Representatives, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, the amount of $10,000.00, to be paid by Defendant within fourteen (14) business days after the Effective Date.

27.    The Court has considered Class Counsel's request for an attorneys' fees and costs award of for the prosecution of this action, and hereby makes an award in the amount of $_____.

28.    The sums set forth in Paragraphs 26 and 27 above shall be paid in accordance with the Stipulation, and out of the sources set forth therein.

29.     This Final Judgment is a final order in the Action within the meaning and for the purposes of Fed R. Civ. P. 23(e), 41, and 54, as to all claims among Defendant on the one hand, and the Class Representatives and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.  Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A.     Enforcing this Final Judgment, the Settlement Agreement and the Settlement;

B.     Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C.     Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DONE IN OPEN COURT this ___ day of _____2021.


_____
BARBARA J. ROTHSTEIN
United States District Court Judge

# You have received this Letter because your vehicle was adjusted to be a total loss by PROGRESSIVE DIRECT INSURANCE COMPANY and you may be able to get a payment from this class action settlement for alleged underpayment of your total loss claim.

**The United States District Court for the Western District of Washington (at Seattle) authorized this notice.  This is not a solicitation from a lawyer.**

- Subject to Court Approval, the settlement will provide up to $19,228,696.06 to pay claims from those who properly submit Claim Forms by [100 days after notice], 2022.

- The Settlement affects the rights of Progressive Direct Insurance Company ("Progressive") insureds whose vehicles were totaled, with the loss paid by Progressive using valuations from Mitchell called "Market Survey Reports" which contained a deduction for a "projected sold adjustment," and who meet certain other requirements (set forth below).

| **Your legal rights and options in this Settlement:** | |
|---|---|
| **Submit a Claim Form** | **This is the only way to get a payment**.  The [Blue/Green] Claim Form is enclosed with this notice, and can be mailed back or submitted electronically. |
| **Comment (including Object)** | Write to the Court about what you think about the settlement. |
| **Exclude Yourself** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Progressive, about the legal claims in this case |
| **Go to the hearing** | If you would like, you may ask to speak in Court about the fairness of the settlement.  You do not need to do this to receive a payment. |
| **Do nothing** | Get no payment. |

QUESTIONS?  CALL 1-253-302-5955 (CLASS COUNSEL), OR VISIT WWW.XXXXXXXX.COM

WORKAMER\11652\197023\39163177.v1-8/31/21

**1.      Why did I get this Letter?**

You have received this letter (called a "Notice"), and the enclosed **Blue/Green** **Claim Form**, (or multiple claim forms if you had multiple qualifying accidents) because the records of Progressive show that you were a Washington insured of Progressive who received payment under your Progressive policy due to a total loss of your insured vehicle occurring between January 24, 2014 and July 11, 2021, and meet certain other requirements (set forth in Section 5, below).

The class action suit has been pending in Federal District Court since January 24, 2020. It has now been resolved for [updated number]. If the settlement is approved, you may be eligible for benefits that will be provided as part of the proposed settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. If you wish to receive money from or comment upon (including object to the Settlement) you must do so following the procedures described below. If you do nothing, you will be bound by any final judgment.

The Court in charge of the case is the United States District Court for the Western District of Washington (at Seattle), and the case is known as *Stanikzy v. Progressive Direct Insurance Co.*, Case No. 2:20-cv-00118-BJR. The people who brought this class action lawsuit, called the "Plaintiffs," have sued Progressive Direct Insurance Co. on behalf of certain of its policyholders with total loss claims. Progressive denies that it has done anything wrong, and the Court has not decided if Progressive has done anything wrong.

**2.      What is this lawsuit about?**

In the lawsuit, Plaintiffs claim that in settling total losses using Mitchell's Market Survey Reports to value total loss vehicles, Progressive improperly took deductions for "projected sold adjustment" which were not allowed by Washington Administrative Code § 284-30-391. Plaintiffs allege that the use of the "projected sold adjustment" discount resulted in the underpayment of total loss claims to Progressive insureds who received payments based upon the Mitchell valuations, which was a breach of Progressive's insurance contract and a violation of Washington consumer protection laws. Progressive denies that it did anything wrong by using historical sales data to account for the difference between a vehicle's advertised price and actual negotiated sale price and denies that its use of a "projected sold adjustment" violated Washington Law. The Court has not decided which party is right.

**3.      Why is this a class action?**

In a class action, the judge appoints people called the Class Representatives, who have sued on behalf of people whose claims the judge has determined are sufficiently similar. All of these people are part of a "Class." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Barbara J. Rothstein is presiding over this class action.

**4.      Why is there a settlement?**

Prior to further proceedings, both sides agreed to a settlement, which, if approved, brings the litigation to an end.  That way, Plaintiffs and Progressive avoid the cost, delay, and uncertainty of moving forward in litigation to trial and possible appeals, and the Class Members will get payments.  The Class Representatives and their attorneys think the settlement is in the best interests of the Class Members.

You may be eligible to receive money from this settlement, if you submit a valid claim form.

**5.      How do I know if I am part of the settlement Class?**

You are a member of the Class if you are a Progressive insured under a Washington policy issued in Washington State who was paid for the total loss of your vehicle(s) under one of your Progressive First Party Coverages (Comprehensive, Collision, and UIM) and received a total loss valuation from Progressive based upon a Mitchell Market Survey Report estimate of the value of your vehicle(s).

You are not a part of the Class if (a) the Mitchell Market Survey Report did not take a "projected sold adjustment" deduction, (b) your date of loss was outside the Class Period, (c) you are a Progressive employee, (d) the covered accident was on a borrowed or rented vehicle, or (e) you submitted written evidence supporting a different valuation, and the amount of that different valuation was paid by Progressive or the valuation paid by Progressive was determined using the contractual appraisal clause.

**6.      How much will my payment be?**

Each Class Member's payment will depend on the Mitchell total loss value paid by Progressive.  Here's how it works.  Each Class Member is entitled to submit a claim.  For Class Members who qualify for a payment, because their total loss was settled based upon a Mitchell Market Survey Report valuation which took a "projected sold adjustment" deduction, that payment will be approximately 5.4% of the final Mitchell valuation of your vehicle.  Not everyone who receives this notice will be eligible for payment.  <u>You can only receive a payment if you submit a Valid Claim Form according to the requirements set forth in Section 7, below.</u>

**7.      How can I receive  a payment?**

To qualify for payment, you must be an eligible Class Member (see Section 5, above) and submit a valid Claim Form.  The Claim Form (the single **Blue/Green** page) is enclosed with this Notice.  Read the instructions carefully, either fill it out online by _____ or fill out the form, sign it, and submit it by mail postmarked by _____.

**8.      When would I get my payment?**

The Court will hold a hearing on [date], to decide whether to approve the settlement.  If The Court approves the settlement, and there are no appeals, we estimate that initial checks will

be mailed around _____. You will get your payment only after the Settlement is approved with no further appeals possible.

We will provide regular updates of the status of the Settlement to all people who submit Claim Forms at www.XXXXXXXXX.com.  Please be patient.

| 9. | What am I giving up to get a payment or stay in the Class? |

Unless you opt out of the Class, you are in the Class, which means that you cannot sue, continue to sue, or be part of any other lawsuit against Progressive about the factual and legal issues in this case.  It also means that all of the Court's orders in this case will apply to you and legally bind you.

# The Lawyers Representing You

| 10. | Do I have a lawyer in this case? |

The following attorneys represent you, Plaintiffs, and the other Class Members:

Stephen M. Hansen
Law Offices of Stephen M. Hansen, P.S.
1821 Dock Street, Suite 103
Tacoma, Washington 98402
steve@stephenmhansenlaw.com
1-253-302-5955

Scott P. Nealey
Law Office of Scott P. Nealey
315 Montgomery Street, 10th Floor,
San Francisco, CA 94104
snealey@nealeylaw.com
1-415-231-5311

These lawyers are working together on your behalf and can be reached via the above e-mails and telephone numbers.

These lawyers are called "Plaintiffs' Counsel" or "Class Counsel."  You will not be charged for these lawyers' work in securing the settlement benefits for you and the other Class Members.  You owe nothing if you participate in the settlement, their fees are to be determined separately by the Court.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 11. | How will the lawyers be paid? |

Class Counsel will ask the Court for attorneys' fees and expenses of up to [updated figure] according to the terms of the Settlement Agreement.  Class Counsel have worked continuously on this case but have not received any money for that work.  The attorneys' fees and costs, as awarded by the Court, shall be paid from the settlement fund available to the Class Members in this settlement. In addition, Class Counsel will apply to the Court for a service award of up to $10,000.00 for Class Representatives Ameen Stanikzy, Jon Mackay, and Niklas Steidl.  These service awards are being requested in recognition of the time, effort, and risk incurred by the Class Representatives in securing this settlement for you and the other Class Members.

- 4 -

## 12.    If I want to, how can I tell the Court that I like or don't like the settlement?

If you're a Class Member, you can – but need not - comment on the Settlement.  You can give reasons why you think the Court should or should not approve it.  The Court will consider your views. To comment or object you must send a letter with your comment to the two lawyers listed below, postmarked by _____, 20___.  Be sure to include your name, address, telephone number, your signature, and the reasons for your comment on (or objection to) the settlement.  Mail the comment to both lawyers listed below:

| Class Counsel | Counsel for Progressive |
|---|---|
| Stephen M. Hansen | Zachary A. McEntyre |
| Law Offices of Stephen M. | King & Spalding LLP |
| Hansen, P.S. | 1180 Peachtree Street, N.E. |
| 1821 Dock Street, Suite 103 | Suite 1700 |
| Tacoma, Washington 98402 | Atlanta, Georgia 30309 |

Any objections which are not timely served on both counsels will not be considered by the Court.

## 13.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Settlement Hearing at [INSERT TIME] on [INSERT DATE] at the United States District Court for the Western District of Washington (Seattle) Courthouse (Judge Barbara J. Rothstein's Courtroom), 700 Stewart Street, Suite 16106, Seattle, Washington 98101.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Rothstein will listen to anyone at the hearing who asked to speak, and if objections were timely served, will consider them. The Court will also decide how much to pay Class Counsel.  The Final Settlement Hearing may be postponed without further notice to the Class.

## 14.    Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Rothstein may have.  But you are welcome to come at your own expense.  If you send a comment (including an objection), you don't have to come to Court to talk about it.  As long as you mailed it on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 15.    May I speak at the hearing?

You may ask the Court for permission to speak at the Final Settlement Hearing.    To do so, you must send a letter to both lawyers listed in Section 14, above, saying that it is your "Notice of Intention to Appear at the Final Settlement Hearing in *Stanikzy v. Progressive Direct Ins. Co.*"  You must include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked by [Insert date].

- 5 -

| **16.** | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will get no money from this settlement.  If you are a Class Member, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against PROGRESSIVE about the legal issues in this case ever again.

# Getting More Information

| **17.** | **Are there more details about the settlement?** |
|---|---|

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can view and print a copy of the Settlement Agreement and other information about the lawsuit by visiting www.XXXXXXXXXXX.com, where you will find answers to common questions about the Settlement, and other information to help you determine whether you are eligible for a payment.  The website will also have instructions for filling out your Claim Form online.

**Please do not call the Court, the Court clerk's office, or PROGRESSIVE to inquire about this settlement.  They will be unable to help you.**

By order of the United States District Court for the Western District of Washington (Seattle).

Dated: _____, 2021          _____/s/_____

Judge BARBARA J. ROTHSTEIN

- 6 -

The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMEENJOHN STANIKZY, | No. 2:20-CV-00118 BJR |
| Plaintiff, | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay on behalf of himself and the proposed Settlement Class, and Defendant, Progressive Direct Insurance Company ("PROGRESSIVE") all acting by and through their respective counsel, have agreed, subject to final Court approval following sending of the Class Notice to the Settlement Class, to settle this Action upon the terms and conditions in the Settlement Agreement, filed with the Court on _____, 2021; and

Plaintiffs have moved for certification of a settlement class, preliminary approval of the parties' class settlement, and the provision of notice, as set forth in the Agreement and pursuant to FRCP 23(e) ; and

The Court has read and considered the Settlement Agreement and the exhibits thereto and has read and considered all other papers filed and prior proceedings had herein, and is otherwise fully informed, and with good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Plaintiffs, all Settlement Class Members and Defendant.

3.    The Court conditionally certifies the following Settlement Class, for settlement purposes only, defined as follows:

> All Progressive Direct insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation derived from a Mitchell International, Inc. WorkCenter Total Loss Report, based upon the value of comparable vehicles which took a deduction for a "Projected Sold Adjustment."

> Excluded from the Class would be (a) the assigned Judge, the Judge's staff and family, and Progressive employees, (b) claims for accidents with dates of loss occurring before January 24, 2014 or valuation dates occurring after July 11, 2021 (the date at which Progressive ceased taking a "Projected Sold Adjustment" on Washington claims), (c) claims on "non-owned" (borrowed or rented) vehicles; (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive or valuation paid was determined using the appraisal clause; and (e) Opt Outs.

Having carefully reviewed the submissions, and without having to determine issues of manageability in the context of settlement certification[1], and having carefully considered the single proposed Class which has no differing treatment of any Class Members, or inter-class conflicts, and noting that substantial class certification discovery was completed, which is

---

[1] *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-57 (9th Cir. 2019)(*en banc*)

presented in the parties respective briefing on Class Certification, and without resolving those disputes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied for purposes of settlement certification.

4.      For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Settlement being finally approved, Plaintiffs Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, are appointed as Class Representatives, and the following counsel are designated as counsel for the Class ("Class Counsel"):

> Stephen M. Hansen
> Law Offices of Stephen M. Hansen, P.S.
> 1821 Dock Street, Suite 103
> Tacoma, WA 98402
>
> Scott P. Nealey
> Law Office of Scott P. Nealey
> 315 Montgomery Street, 10th Floor,
> San Francisco, CA 94104

5.      If final approval of the Proposed Settlement is not obtained, or if Final Judgment as contemplated herein is not granted, this Order shall be vacated *ab initio* and the Parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order of Preliminary Approval.

6.      Pending final determination of whether the Proposed Settlement should be approved, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Proposed Settlement or to comply with or effectuate the terms of the Stipulation of Settlement.

7.      Within 60 days after the entry of this Order, the Claims Administrator shall send a copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple

claims), pre-printed with the Class Member's name and most recent address, the date of the loss, and the vehicle make, model, and year, by first-class mail, to each Person on the Updated Settlement Class List.  Prior to any mailing the Claims Administrator shall update all addresses on the Class List by running the addresses thereon through the National Change of Address Data Base.  In furtherance of this Paragraph, the Court appoints KCC as the Claims Administrator for this matter.

8.      The Court preliminarily finds that the dissemination of the Individual Notice and Claim Form under the terms and in the format provided for in this Order and the Settlement Agreement (including supplemental e-mail notice to those with returned addresses, where e-mail addresses are available and the establishment of a settlement notice website) constitutes the best notice practicable under the circumstances and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedures and all other applicable laws.

9.      A hearing (the "Final Settlement Hearing") shall be held on _____ , 20___ at ____ o'clock p.m. Courtroom _____, as set forth in the Individual Notice, to determine whether the Proposed Settlement of this Action (including the payment of attorneys' fees and costs to Class Counsel, and a bonus to the Class Representatives) should be approved as fair, reasonable, and adequate, and to determine whether final judgment approving the Proposed Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered.  The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Class Members.

10.      Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered, by the Court (unless the Court in its discretion

shall otherwise direct) only if they comply with the objection procedures set forth in the

Stipulation of Settlement and Notice. Specifically, members of the Class who have not

previously opted out of the Class must file a notice of intent to object to the Settlement. To be

effective, a notice of intent to object to the Settlement must: (1) contain a heading that includes

the name of the case and case number; (2) provide the name, address, telephone number and

signature of the Class Member filing the objection; (3) be filed with the Clerk of the Court not

later than fourteen (14) days before the Final Settlement Hearing; (4) be served on Class Counsel

and counsel for the Defendants at the addresses below by first-class mail, postmarked no later

than fourteen (14) days before the Final Settlement Hearing; (5) contain the name, address, bar

number and telephone number of the objecting Class Member's counsel, if represented by an

attorney. Class Members represented by an attorney must comply with all applicable laws and

rules for filing pleadings and documents in the Court; and State whether they intend to appear at

the Final Settlement Hearing, either in person or through counsel.

11.     In addition to the foregoing, a notice of intent to object must contain the following

information, if the Class Member or his/her attorney requests permission to speak at the Final

Settlement Hearing: (1) a detailed statement of the specific legal and factual basis for each and

every objection; and (2) a detailed description of any and all evidence the Objector may offer at

the Final Settlement Hearing, including photocopies of any and all exhibits which may be

introduced at the Final Settlement Hearing. Any individual or entity who objects, must submit

themselves or itself to discovery pursuant to the Stipulation of Settlement, under the timelines

specified therein.

12.     Settlement Class Members who wish to exclude themselves from the Settlement

Class must prepare a written request for exclusion, postmarked no later than fourteen (14) days

before the Final Approval Hearing date (i.e. _____ days after the deadline for notice to be mailed), which shall be sent to the Claims Administrator. Written requests for exclusion must be signed and include the individual's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class. Requests for exclusion must be exercised individually by the Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's Legally Authorized Representative.

13.     All Class Members who do not opt out of the Class shall be bound by any Approval Order and Final Judgment entered pursuant to the Stipulation of Settlement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released Persons, as defined in the Stipulation of Settlement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

14.     Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any Opt Outs or any other person seeking to litigate with Defendants over any of the claims covered under the Release in this matter could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form of opt-out class, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims, except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

15.     The Settlement fits within the parameters necessary for potential final approval, and is therefore hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants. The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other person or entity. Neither the terms or provisions of the Stipulation of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action nor proceeding, to establish any liability or admission by Defendants except in any proceedings brought to enforce the Stipulation of Settlement, except that the Released Persons may file this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

16.     Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

17.    Pending final determination as to whether the Proposed Settlement should be approved, no Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether any such Class Member has appeared in the Action.

DONE IN OPEN COURT this ___ day of _____, 2021

_____
BARBARA J. ROTHSTEIN
United States District Court Judge