The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMEENJOHN STANIKZY,

          Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

          Defendant.

NO. 2:20-cv-118

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

    Plaintiffs, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay on behalf of himself and the proposed Settlement Class, and Defendant, Progressive Direct Insurance Company ("PROGRESSIVE") all acting by and through their respective counsel, have agreed, subject to final Court approval following sending of the Class Notice to the Settlement Class, to settle this Action upon the terms and conditions in the Settlement Agreement, filed with the Court on August 7, 2021; and

    Plaintiffs have moved for certification of a settlement class, preliminary approval of the parties' class settlement, and the provision of notice, as set forth in the Agreement and pursuant to FRCP 23(e); and

The Court has read and considered the Settlement Agreement and the exhibits thereto and has read and considered all other papers filed and prior proceedings had herein, and is otherwise fully informed, and with good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Plaintiffs, all Settlement Class Members and Defendant.

3. The Court conditionally certifies the following Settlement Class, for settlement purposes only, defined as follows:

> All Progressive Direct insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation derived from a Mitchell International, Inc. WorkCenter Total Loss Report, based upon the value of comparable vehicles which took a deduction for a "Projected Sold Adjustment."
>
> Excluded from the Class would be (a) the assigned Judge, the Judge's staff and family, and Progressive employees, (b) claims for accidents with dates of loss occurring before January 24, 2014 or valuation dates occurring after July 11, 2021 (the date at which Progressive ceased taking a "Projected Sold Adjustment" on Washington claims), (c) claims on "non-owned" (borrowed or rented) vehicles; (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive or valuation paid was determined using the appraisal clause; and (e) Opt Outs.

Having carefully reviewed the submissions, and without having to determine issues of manageability in the context of settlement certification[1], and having carefully considered the

---

[1] *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-57 (9th Cir. 2019)(*en banc*)

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

- 2

single proposed Class which has no differing treatment of any Class Members, or inter-class conflicts, and noting that substantial class certification discovery was completed, which is presented in the parties respective briefing on Class Certification, and without resolving those disputes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied for purposes of settlement certification.

4. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Settlement being finally approved, Plaintiffs Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, are appointed as Class Representatives, and the following counsel are designated as counsel for the Class ("Class Counsel"):

> Stephen M. Hansen
> Law Offices of Stephen M. Hansen, P.S.
> 1821 Dock Street, Suite 103
> Tacoma, WA 98402
>
> Scott P. Nealey
> Law Office of Scott P. Nealey
> 315 Montgomery Street, 10th Floor,
> San Francisco, CA 94104

5. If final approval of the Proposed Settlement is not obtained, or if Final Judgment as contemplated herein is not granted, this Order shall be vacated *ab initio* and the Parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order of Preliminary Approval.

6. Pending final determination of whether the Proposed Settlement should be approved, all proceedings in the Action shall be stayed until further order of the Court, except

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

- 3

1  such proceedings as may be necessary either to implement the Proposed Settlement or to comply

2  with or effectuate the terms of the Stipulation of Settlement.

3        7.      Within 60 days after the entry of this Order, the Claims Administrator shall send a

4  copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple

5  claims), pre-printed with the Class Member's name and most recent address, the date of the loss,

6  and the vehicle make, model, and year, by first-class mail, to each Person on the Updated

7  Settlement Class List. Prior to any mailing the Claims Administrator shall update all addresses

8  on the Class List by running the addresses thereon through the National Change of Address Data

9  Base. In furtherance of this Paragraph, the Court appoints KCC as the Claims Administrator for

10 this matter.

11       8.      The Court preliminarily finds that the dissemination of the Individual Notice and

12 Claim Form under the terms and in the format provided for in this Order and the Settlement

13 Agreement (including supplemental e-mail notice to those with returned addresses, where e-mail

14 addresses are available and the establishment of a settlement notice website) constitutes the best

15 notice practicable under the circumstances and is due and sufficient notice for all purposes to all

16 persons entitled to such notice, and fully satisfies the requirements of due process, the Federal

17 Rules of Civil Procedures and all other applicable laws.

18       9.      A hearing (the "Final Settlement Hearing") shall be held on March 30, 2022 at

19 9:00 o'clock a.m., PDT, by videoconference, as set forth in the Individual Notice, to determine

20 whether the Proposed Settlement of this Action (including the payment of attorneys' fees and

21 costs to Class Counsel, and a bonus to the Class Representatives) should be approved as fair,

22 reasonable, and adequate, and to determine whether final judgment approving the Proposed

23

24 ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

25 - 4

Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered.  The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Class Members.

10. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered, by the Court (unless the Court in its discretion shall otherwise direct) only if they comply with the objection procedures set forth in the Stipulation of Settlement and Notice. Specifically, members of the Class who have not previously opted out of the Class must file a notice of intent to object to the Settlement.  To be effective, a notice of intent to object to the Settlement must:  (1) contain a heading that includes the name of the case and case number; (2) provide the name, address, telephone number and signature of the Class Member filing the objection; (3) be filed with the Clerk of the Court not later than fourteen (14) days before the Final Settlement Hearing; (4) be served on Class Counsel and counsel for the Defendants at the addresses below by first-class mail, postmarked no later than fourteen (14) days before the Final Settlement Hearing; (5) contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney.  Class Members represented by an attorney must comply with all applicable laws and rules for filing pleadings and documents in the Court; and State whether they intend to appear at the Final Settlement Hearing, either in person or through counsel.

11. In addition to the foregoing, a notice of intent to object must contain the following information, if the Class Member or his/her attorney requests permission to speak at the Final Settlement Hearing: (1) a detailed statement of the specific legal and factual basis for each and every objection; and (2) a detailed description of any and all evidence the Objector may offer at

the Final Settlement Hearing, including photocopies of any and all exhibits which may be introduced at the Final Settlement Hearing. Any individual or entity who objects, must submit themselves or itself to discovery pursuant to the Stipulation of Settlement, under the timelines specified therein.

12. Settlement Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, postmarked no later than fourteen (14) days before the Final Settlement Hearing date, which shall be sent to the Claims Administrator. Written requests for exclusion must be signed and include the individual's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class. Requests for exclusion must be exercised individually by the Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's Legally Authorized Representative.

13. All Class Members who do not opt out of the Class shall be bound by any Approval Order and Final Judgment entered pursuant to the Stipulation of Settlement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released Persons, as defined in the Stipulation of Settlement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

14. Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any Opt Outs or any other person seeking to litigate with Defendants over any of the claims covered under the Release in this matter could place Class Counsel in an untenable conflict of interest with the

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

- 6

Case 2:20-cv-00118-BJR   Document 67   Filed 11/12/21   Page 7 of 8

Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision. Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form of opt-out class, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims, except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

15. The Settlement fits within the parameters necessary for potential final approval, and is therefore hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants. The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other person or entity. Neither the terms or provisions of the Stipulation of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action nor proceeding, to establish any liability or admission by Defendants

OF CLASS ACTION SETTLEMENT

- 7

except in any proceedings brought to enforce the Stipulation of Settlement, except that the Released Persons may file this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

16. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

17. Pending final determination as to whether the Proposed Settlement should be approved, no Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether any such Class Member has appeared in the Action.

DATED this 11th day of November, 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

- 8