The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMEENJOHN STANIKZY, individually and as the
representative of all persons similarly situated,

                    Plaintiff,

      vs.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

                  Defendant.

NO. 2:20-CV-00118 BJR

MOTION FOR AWARD OF
ATTORNEY'S FEES/COSTS &
CLASS REPRESENTATIVE
INCENTIVE AWARDS

## I. MOTION/RELIEF REQUESTED

COME NOW AMEENJOHN STANIKZY, NIKLAS STEIDL, and JON MACKAY, and

submit the following unopposed motion, prior to the Final Approval Hearing, and consistent with

the Settlement Agreement preliminarily approved by the Court on November 12, 2021 (Dkt.

#67) which requests the following relief:

    a)      An award of attorneys' fees in the amount of $4,999,460.96 (26% of the

              fund);

    b)      An award of costs in the amount of $24,366.00; and

    c)      An award of $10,000.00 each to MR. STANIKZY, MR. STEIDL, and

              MR. MACKAY as incentive payments.

While the approval of the motion will not be considered until the Final Approval hearing

date, settlement Class Counsel believe that best practice is that the instant motion be of record

MOT. FOR AWARD OF FEES & COSTS – 1

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

prior to the March 16, 2022 deadline for objections to the proposed settlement.  Progressive does not oppose the relief requested in this motion as it is consistent with the parties' Settlement Agreement (Dkt#65-1) which was preliminarily approved by the Court on November 12, 2021. As of the date of this motion, no objections have been received, nor have any class members elected to opt out from the proposed settlement.[1]

## II. PROCEDURAL AND FACTUAL BASIS FOR MOTION

This matter was filed on January 24, 2020 asserting claims against Progressive for breach of contract and violations of the Washington Consumer Protection Act, WAC 284-30-391, RCW 19.86 *et seq*.  On February 3, 2020, Plaintiff Stanikzy filed an Amended Class Action Complaint (the "Complaint"), served upon Defendant, which is the operative Complaint in this Action. Progressive moved to dismiss, and compel appraisal, which was rejected by this Court on May 29, 2020.  Dkt#30.

Subsequently, Plaintiff conducted substantial discovery of Progressive, including the production of a class list, sample of sixty (60) claims, depositions of Progressive witnesses, and the production of documents and interrogatory answers.  Based upon this material, Plaintiffs moved for Class Certification on September 11, 2020.  Dkt#37, 38.   Progressive deposed Mr. Stanikzy, and Plaintiff's expert, and served discovery on Plaintiffs.

On November 30, 2020 Plaintiff moved (Dkt#47) to amend the Motion for Class Certification to add Mr. Niklas Steidl and Jon Mackay as additional Class representatives.  This

---

[1] Consistent with the templates created by the Federal Judicial Center, the notice mailed to all Class members discloses the fee and cost request that would be made, as well as the request for a $10,000.00 incentive payment for each Class Representative.  As of the date of this motion, the report from the notice administrator, 3,319 claims have been received, with no opt-outs, and no objections.

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

MOT. FOR AWARD OF FEES & COSTS – 2

1   motion was granted on January 4, 2021 (Dkt#49), and Progressive then deposed Mr. Steidl and

2   Mr. Mackay.

3       Progressive subsequently filed a comprehensive Opposition to Class Certification on

4   April 26, 2021.  Dkt#'s 58, 59, 60.  After this filing, the parties agreed to mediate the matter,

5   agreeing on Judge Bruce Hilyer (Ret.) as the mediator.  It was only after all key terms were

6   agreed that the parties discussed fees, costs, and any representative bonus, and then again though

7   and with the Mediator Judge Hilyer.  After the mediation, and the key terms being reduced to

8   writing, the parties filed a notice of Settlement with this Court on May 18, 2021 (Dkt#62) and

9   proceeded to draft the Settlement Documents.  An update on the status of preparing the

10  settlement documents was filed on July 30, 2021.  Dkt#64.

11      On November 12, 2021, this Court granted preliminary approval.  The claims deadline is

12  April 20, 2022, with the deadline to opt-out or submit objections to the settlement being March

13  16, 2022.

14      The Settlement Agreement preliminarily approved by the Court provides in part at

15  paragraph 51 as follows:

16

17      51. Attorneys' fees and costs were not fully negotiated or discussed by
        Class Counsel and Defendant, nor agreed upon, until all other material
18      terms of the settlement were resolved.  Class Counsel will submit their fee
        and cost request, and any request for service awards for the Named
19      Plaintiffs, to the Court. Class Counsel will not ask the Court for attorneys'
        fees in any amount beyond 26% of the Settlement Fund and out-of-pocket
20      costs of up to $24,366. Class Counsel will request service awards for the
        Named Plaintiffs of $10,000.00 each. Any attorneys' fees and costs, and
21      any service awards, awarded by the Court will be paid to Class Counsel
        and Named Plaintiffs, respectively, no later than fourteen (14) days after
22      the Effective Date. Such payment shall be made by a check or wire issued
        to Law Offices of Stephen M. Hansen, P.S. Trust Account, unless other
23      delivery instructions are provided to Defendant's counsel in writing by
        Class Counsel no later than seven (7) days after the Effective Date.
24

25

26

27

MOT. FOR AWARD OF FEES & COSTS – 3

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(Dkt#65-1). The proposed incentive award to the Class Representatives, $10,000.00 for each, is further set forth at paragraph 49 of the Stipulation of Settlement.

The relief requested in this motion follows the terms of the parties' Settlement Agreement. Notice of the attorney's fee/cost request, and the requested incentive award is detailed in Section 11 of the Court-approved Notice disseminated to the Class Members, with a copy of the Notice being on the website constructed by the Claims Administrator:

http://www.washingtonprogressivedirecttotallossinsurancesettlement.com/

### III. ARGUMENT

#### A. Attorney's Fee Requests & the "Common Fund Doctrine."

Under *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 273 (1975), the common fund exception to the American Rule permits class counsel and representatives to be compensated for their efforts that create a common fund for the benefit a class of litigants. *See also Manual for Complex Litigation*, *Fourth,* §14.11 at 185 ("*Manual*"). The "common fund" exception "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Since the decisions in *Trustees v. Greenough*, 105 U.S. 527, 537 (1881), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 124 (1885), the courts have recognized consistently that a litigant or a lawyer whose efforts create a common fund for the benefit of persons other than himself or his/her client is entitled to a reasonable attorneys' fee, plus expenses from the fund as a whole. *Boeing*, 444 U.S. at 478; *Mills v. Electric Auto-lite Co.,* 396 U.S. 375, 395 (1970).

"Absent extraordinary circumstances, the unrepresented claimants should pay for the

MOT. FOR AWARD OF FEES & COSTS – 4

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

attorneys' services in proportion to their benefit from them – that is, the unrepresented claimants should pay a percentage of the reasonable value of the attorneys' services to the class equal to their percentage of the class' recovery." *Lindy Bros Builders, Inc., v. American Radiator & Standard Sanitary Corp*. 487 F. 2d 161, 169 (3d Cir. 1973). The equitable powers of the courts over the fund created by the litigation allows a court to prevent inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit. *Boeing*, 444 U.S. at 478; *Mills*, 396 U.S. at 394.

### B. Washington & Ninth Circuit Case Law

Because Washington law governed Plaintiffs' substantive claims in this matter, it also governs the award of fees. *Mangold v. Calif. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees" and citing to similar rulings in other circuits, holding that "calculation of the amount of the fee is bound up in the substantive state right."). Under Washington law, the percentage-of-recovery approach, not the loadstar method, is used in calculating fees in common fund cases. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993) (holding that in a common fund case, "the size of the recovery constitutes a suitable measure of the attorney's performance"). Because the claims at issue arise under Washington Law, Plaintiff's request focuses on the "percentage of the fund" approach, which is the applicable legal rule.

*Bowles* states that "in common fund cases, the 'benchmark' award is 25 percent of the recovery obtained," with 20-30% as the usual range. *Bowles*, 121 Wn.2d at 72-73. Ninth Circuit cases echo this approach. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48, 1051, n.6 (9th

MOT. FOR AWARD OF FEES & COSTS – 5

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1  Cir. 2002) (holding that under *Mangold*, Court would apply *Bowles*, noting that 20-30% range

2  was typical, approving 28% fee in "megafund" case).

3          Here, the size of the common fund, $19,228,696.06, is the measure of Class Counsel's

4  success and performance.  Notably, the fee agreed to by Progressive – based upon negotiations

5  involving a well-respected and experienced mediator – is (at 26%) only one percentage point

6  above the benchmark 25% of the fund fee.

7          As noted commentators observe:

8          [o]ne of the primary advantages of the POR method is that it is thought to
9          equate the interests of class counsel with those of the class members and
10         encourage class counsel to prosecute the case in an efficient manner.

11  Heubert B. Newberg & Alba Conte, *4 Newberg on Class Actions* §14:06, at 566-67 (4th Ed.

12  2002).  The Settlement clearly evidences the efficient manner in which Class Counsel brought an

13  end to this litigation, and it addresses equally both the Class' interest in receiving an immediate

14  cash payment and Class Counsel's interest in receiving a fee for their efforts in creating a

15  common fund.  Class Counsels' request of $4,999,460.96 for fees (26% of the common fund)

16  and $24,366.00 in costs is reasonable.

17         As stated above, the Washington Supreme Court, in *Bowles*, recognized 25% as a

18  "benchmark" for the common fund as a reasonable fee.  *Bowles,* 847 P.2d. at 451.  Ninth Circuit

19  authority such as the Court in *WPPSS* recognizes ranges between 20% and 40%.  *See e.g. In re*

20  *Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1297.  Other examples of the range of

21  fee awards include *In re Pacific Enterprises Sec. Lit.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming

22  an award equal to 33% of the common fund); *In re Activision Sec. Lit.,* 723 F.Supp. 1373, 1375

23  (N.D. Cal. 1989) (awarding 32.8%); *Dennings v. Clearwire Corp*, No. C10-1859JLR, 2013 U.S.

MOT. FOR AWARD OF FEES & COSTS – 6

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

Dist. LEXIS 64021 (W.D. Wash. 5/3/13) (granting request for 35.78% fee).

### C. The Requested Fee of 26% Is Reasonable

The decision of what percentage to award in attorneys' fees in common fund cases is committed to the sound discretion of the trial court.  In exercising this discretion, courts have recognized several factors that may assist in determining whether the fee requested is reasonable. Analysis of these factors, considering the Washington Supreme Court's holding in *Bowles*, provides further support that an award of $4,999,460.96 (26% of the fund) is reasonable given the excellent result in this case for the Class.  The factors to consider include: (i) the size of the fund and the number of persons who received monetary benefits; (ii) the skill and efficiency of the attorneys involved; (iii) the complexity and duration of the litigation; (iv) the risks of the non-recovery and non-payment; and (v) the presence or absence of substantial objections.  *See Manual*, § 14:121 at 192.

### 1) The Size of the Settlement Created and the Number of Persons Benefited

The common fund created by the Settlement results in a meaningful cash award to each of the Class Members who submit a valid Claim Form, equaling about 5.4% of the amount they were paid for the total loss of their vehicle, as disclosed in the settlement notice and claims form. See Dkt#65-1 at 34.  The settlement affects 28,627 Class Members and has created a fund of $19,228,696.06.  This is a substantial amount and will provide substantial payments to Class members.  This sum is made available via a simple claims process.

While the payouts to Class Members who elect to participate will be significant, the amounts would still clearly be insufficient to provide the proper financial incentive for any individual class member to achieve justice in the absence of this class settlement.  Both the size

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

of the class and the large amount of the common fund support Class Counsel's application for fees and costs.

### 2) *The Skill and Efficiency of the Attorneys Involved*

Counsel who worked on this case are experienced in class action litigation generally and have decades of experience in the prosecution of consumer claims against insurers and other large corporations as well. Counsel attempted at all times to proceed in an efficient manner against skilled adversaries, resulting in a settlement while Plaintiff's Class Certification motion was pending.

### 3) *The Complexity of the Litigation*

Class Counsel submit that their overall approach and strategy for handling this case played a key role in producing the settlement obtained on behalf of the Class. At each stage Class Counsel gathered evidence and presented arguments necessary to advance this matter to the pending class certification motion while expending considerable sums (in excess of $24,000.00) in out-of-pocket costs, nearly all on discovery and experts. Thus, this factor strongly supports the requested award of fees and costs.

### 4) *The Risk of Non-Payment*

Class Counsel can personally attest that the risk of non-payment in class action litigation is substantial. Class Counsel knows all too well the risk of non-payment having had class certification denied – after the expenditure of substantial time and money – in numerous Class Actions cases challenging insurance claims practices. Despite this, Class Counsel undertook the responsibility for an expert and discovery-heavy class action involving an out-of-state corporate defendant financially capable of fully litigating this matter through trial and subsequent appeals.

MOT. FOR AWARD OF FEES & COSTS – 8

LAW OFFICES OF
**STEPHEN M. HANSEN, P.S**
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

Class Counsel were likewise prepared to invest their time and financial resources to litigate this matter through trial (and any subsequent appeals) with the end results was far from certain.[2]

As the Ninth Circuit has observed, "[c]ontingent fees that may far exceed the market value of these services, if rendered on a non-contingent basis are acceptable in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis, regardless whether they win or lose." *In re Washington Pub. Power Supply Sys. Secs. Litig.*, 19 F.3d at 1299.  Here a 25% benchmark fee includes no such premium, let alone "far exceeding" a typical fee.

### 5) *The Presence or Absence of Substantial Objections*

Through the Individual Notice, Class Members have been specifically advised that Class Counsel intended to request an award of fees of up to 26% of the common fund, together with costs, and as of the date of this filling there have been no objections and no exclusions, with to date 3,319 claims having been received.  Plaintiff's Counsel will update this factor if needed.

### D.   *Incurred costs should be awarded*

Class Counsel advanced hard costs have totaling $24,366.00.  These include expert witness and mediation fees and the original filing and service of process fees.  This figure was also disclosed in the notice, agreed to by Progressive, and no objection has been received.

### E.   *Incentive Awards to the Class Representatives are Proper*

The Settlement Agreement provides that Defendant will pay the class representatives Mr. Stanikzy, Mr. Steidl, and Mr. Mackay the sum of $10,000.00 each and the notice informed Class

---

[2] Plaintiffs note as an example of this, a similar case (challenging a "Typical Negotiation" deduction), now pending before Judge Pechman, *Ngethpharat v. State Farm Mut. Auto Ins. Co.* No. 20-cv-545-MJP (W.D. Wa), which is currently set for trial on June 8, 2022 – having been certified by Judge Pechman, with review denied by the 9th Circuit – and to date filled 189 docket entries.

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

Members of this request.  Class Counsel respectfully request that the Court approve this modest incentive payments to each class representative.

The granting of an incentive award to a class representative lies within the Court's sound discretion.  *See, e.g., In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).  The size of an incentive award depends on several factors, including the amount of risks to the class representative, both financial and otherwise, in becoming and continuing as a litigant; the time and effort expended by the representative in assisting in the prosecution of the litigation or in bringing to bear added value; and any other burden sustained by the representative in lending himself to prosecute an ultimate recovery of those claims.  *See, e.g.*, *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 199 (S.D.N.Y. 1997); *In re Catfish Antitrust Litig.*, 939 F. Supp. 493 (N.D. Miss. 1996); *Spicer v. Chicago Bd. Options Exch. Inc.*, 844 F. Supp. 1226, 1266 (N.D. Ill. 1993).  The requested incentive award is well within the range of reasonableness.

## IV. CONCLUSION

For the foregoing reasons, Class Counsel, on behalf of the Class Representatives and Class Members, respectfully request the Court to

a)      AWARD an award of attorneys' fees and costs in the amount of $4,999,460.96 (26% of the fund);

b)      AWARD costs of $24,366.00; and

c)      AWARD MR. STANIKZY, MR. STEIDL, and MR. MACKAY the sum

MOT. FOR AWARD OF FEES & COSTS – 10

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

1   of $10,000.00 each as incentive payments.

2   RESPECTFULLY SUBMITTED this 1st day of March, 2022.

3   Law Offices of STEPHEN M.  HANSEN, PS

4

5   STEPHEN M. HANSEN, WSBA # 15642
    Of Counsel for Settlement Class

6

7   Scott P. Nealey (admitted *pro hac vice*)
    LAW OFFICE OF SCOTT P. NEALEY

8   71 Stevenson Street, Suite 400,
    San Francisco, CA 94105

9   Telephone: (415) 231-5311
    Facsimile: (415) 231-5313

10  snealey@nealeylaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOT. FOR AWARD OF FEES & COSTS – 11

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX

**CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 1st day of March, 2022, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

DATED this 1st day of March, 2022, at Tacoma, Washington.

_____

SARA B. WALKER, Legal Assistant

MOT. FOR AWARD OF FEES & COSTS – 12

LAW OFFICES OF
STEPHEN M. HANSEN, P.S
1821 DOCK ST, SUITE 103
TACOMA, WASHINGTON 98402-4441
(253) 302-5955
(253) 301-1147 FAX