The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMEENJOHN STANIKZY, individually and as the representative of all persons similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>       Defendant. | NO. 2:20-CV-00118 BJR<br><br>DECLARATION OF G. LEE RAAEN RE ATTORNEYS' FEES |

I, G. Lee Raaen, on the request of Plaintiffs' counsel, provide the following testimony and opinions under penalty of perjury under the laws of the State of Washington.

## I. SCOPE OF REPORT

This report is submitted pursuant to the Court's Minute Entry of March 30, 2022, requesting  briefing regarding "a lodestar calculation, including supporting documentation" concerning Plaintiffs' motion for Attorney Fees. (Dkt. 71.)

Plaintiffs' counsel separately address whether a lodestar or percentage of recovery method should be used to determine the award of fees in a common fund class action such as this. However, the Court has discretion in setting fees even in a percentage of recovery context, and given the Court's request for lodestar information, this report is submitted for

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  1

LAW OFFICE OF G. LEE RAAEN
3301 Burke Ave. N.,  #340
Seattle, WA 98103
(206) 682-9580  Lee@LRaaen.com

the Court's consideration regarding the extent a lodestar might be appropriate and helpful in exercising that discretion.

## II.   RELEVANT BACKGROUND AND QUALIFICATIONS

I was admitted to the Washington State Bar Association in 1975 and have been in the private practice of law since then-primarily as a sole practitioner.  Approximately half of my practice has involved representing plaintiffs in personal injury cases. I have appeared on behalf of clients in Washington Appellate, Superior, District and Municipal Courts, the Federal District Courts of the Western District of Washington, the Ninth Circuit Court of Appeals, and the United States Court of Claims in Washington, D.C.  I often serve as an arbitrator and as a Hearings Examiner for several western Washington cities and counties.

For more than a decade, much of my practice has involved disputes and litigation concerning attorney fees, liens, and fee agreements. In the past five years, I have been a speaker at the Washington State Bar Association's Ethics School five times about attorney fees and fee agreements. I have twice chaired and presented at King County Bar Association CLEs about attorney's fees and fee agreements. I have twice been a lecturer at the King County Bar Association's mandatory training for settlement guardian ad litems on the subject of Evaluating Requests for Approval of Attorney's Fees in personal injury cases involving minors and incapacitated plaintiffs.

I am the author of the WSBA Washington Legal Ethics Deskbook chapter on Attorney Fees published is 2020. In addition to the Deskbook I have written 16 articles or

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  2

LAW OFFICE OF G. LEE RAAEN
3301 Burke Ave. N., #340
Seattle, WA 98103
(206) 682-9580   Lee@LRaaen.com

CLE materials on ethics of attorney fees. I have made CLE presentations on those subjects 14 times.

I have testified as an expert on attorney fee issues in court and in written form in cases before courts in Washington and Idaho, including the Federal District Court for the Western District of Washington.

I am a member of these professional organizations:

- Washington State Bar Association
- King County Bar Association
- Washington State Association for Justice (Formally WSTLA)
- American Bar Association and its Center for Professional Responsibility

Please see the attached CV for additional details.

III.   **MATERIALS REVIEWED.**

- Civil Docket For Case #: 2:20-cv-00118-BJR
- Minute Entry, Dkt #71
- Memorandum ISO Final Approval of Class Action, Dkt #69
- Motion for Attorney Fees, Dkt #68
- Motion Unopposed, Motion for Settlement, Dkt #65
- Settlement Agreement Dkt #65-1
- Order on Motions to Dismiss, Dkt #49
- Order Denying Defendant's Motion to Compel Appraisal, Dkt #30
- Answer to Amended Complaint, Dkt #18
- Amended Complaint, Dkt #3
- Fee Agreements between attorneys Hansen and Nealey and clients Stanikzy, Steidl, and McKay.

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES - 3

- Declaration of Scott P Nealey ISO Fees and Cost Request, including
  - Hansen Time Records
  - Nealey Time Records
- Relevant legal authorities.

## IV.   SUMMARY OF OPINIONS.

As briefed by plaintiffs' counsel, using a lodestar approach to determine the amount of attorneys' fees here would be inconsistent with Washington Law. If the Court finds it helpful in the exercise of its discretion to consider lodestar factors as a cross-check or supplement to the common fund approach, it is my opinion that Plaintiffs' requested fees are consistent with lodestar principals and reasonable if the lodestar is equitably applied.

## V.   ANALYSIS AND OPINIONS.

### A.   Lodestar Review Of This Case

In Washington the determination of the reasonableness of attorneys' fees using a lodestar is governed by RPC 1.5(a). "The 'lodestar' fee is determined by multiplying the hours reasonably expended in the litigation by each lawyer's reasonable hourly rate of compensation." *Absher Constr. Co. v. Kent Sch. Dist.*, 79 Wn. App. 841, 847, 905 P.2d 1229 (1995). However, the "lodestar" is only the starting point. The "lodestar" amount is adjusted to reflect factors not already considered in the calculation. *Mehlenbacher v. DeMont*, 103 Wn. App. 240, 248, 11 P.3d 871 (2000). The factors to be considered include those in RPC 1.5(a). Each is briefly addressed below, and each supports upward adjustments in awarded fees.

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES - 4

LAW OFFICE OF G. LEE RAAEN
3301 Burke Ave. N., #340
Seattle, WA 98103
(206) 682-9580   Lee@LRaaen.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

First, it should be noted Washington's version of RPC 1.5(a) contains a subsection not included in the Model Rules of Professional Conduct. In adopting RPC 1.5(a) regarding the determination of the reasonableness of fees, the Washington Supreme Court added subsection (9) which requires consideration of "the terms of the fee agreement between the lawyer and client…" The added section goes on to mention whether the client has received reasonable and fair disclosure of the fee agreement and the lawyer's billing practices for the case. In this case, the representative clients agreed to the 26% fee and signed the agreement filed with the Court. Dkt. #65-1 pgs. 30-32. Other class members were advised of the terms of the agreement, and it is my understanding that there have been no objections filed. Therefore, this terms of the agreement should be the starting point in a reasonableness determination.

The standard provisions of the rule also support a determination that the fee agreed to is reasonable. Subsection (1) of RPC 1.5(a)(1) includes consideration of the amount and value of attorneys' time and labor, a lodestar. Counsels' time records are attached to the Declaration of Scott Nealey. These records reflect considerable time, effort, and expertise devoted to plaintiffs' cause.

RPC 1.5(a)(1) also requires consideration of the novelty and difficulty of the questions involved and the skill required to perform the service. As the declarations of Mr. Nealey and Mr. Hansen attest, and as the court docket reflects, Progressive Insurance vigorously fought this action from the beginning attempting to prevent it from even going forward. If the case did not involve novel legal questions, there would have been no basis for a class action and no settlement. The importance of the underlying issue is reflected in

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES - 5

Progressive's defense, which included hiring four Georgia lawyers from a national law firm in addition to local counsel. Progressive knew that the case would have national ramifications and acted accordingly. The results in light of the vigorous defense by Progressive is evidence of the skill of Plaintiffs' counsel. In consideration of all these factors, RPC 1.5(a)(1) calls for an enhancement of the lodestar.

The likelihood that the case might preclude other employment by Plaintiffs' counsel (RPC 1.5(a)(2)) is shown by the defense brought by Progressive and its defense team.

I have reviewed the hourly rates claimed and awarded in State and Federal Courts in Washington, and believe that the rates claimed by Mr. Hansen and Mr. Nealey are reasonable for this case. Mr. Nealey's rate is in the upper range, but not rare for the Seattle area, particularly given his special expertise and background described in his declaration. The fact that being able to get paid anything was risky and contingent on success, his hourly rate peaking at $1000 is reasonable for lodestar comparison calculations. It is also important that this is a common fund case and not fee shifting making the focus more one of benefits to the class than costs of litigation. Counsels' fee request complies with RPC 1.5(a)(3).

The amounts involved and the results obtained support the requested award of fees. The requested percentage of recovery is midway in the usual range for common fund cases. The results obtained not only include repayment by Progressive of amounts due to its insureds, but Progressive also agreed to discontinue its challenged practice extending the positive results for its insureds into the future. (RPC 1.5(a)(4).)

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES - 6

**LAW OFFICE OF G. LEE RAAEN**
3301 Burke Ave. N., #340
Seattle, WA 98103
(206) 682-9580  Lee@LRaaen.com

The experience, reputations, and ability of Plaintiffs' lawyers is evidenced by the results and Progressive's request for mediation and agreement to settle after its initial vigorous defense. (RPC 1.5(a)(7))

Counsels' fees were contingent on prevailing in court, and potentially subject to years of work and delays with the investment of tens of thousands of dollars in costs. The contingent nature of the case and the risks involved support a significant enhancement of the lodestar. (RPC 1.5(a)(8))

To the extent that the lodestar method is legally available or practically applicable, the fee requests of Hansen and Nealey are reasonable. In addition, any consideration of the lodestar and how it should be applied must take into account the specific nature of this case as discussed next.

B.       **Special Lodestar Complications In This Case**

Using a lodestar as a cross-check to a  percentage of recovery in a class action should depend on the nature of the action and fee arrangement. In *Bowles v. Wash. Department of Ret. Sys*, 121 Wn.2d 52, 847 P.2d 440 (1993), the court pointed out the equitable basis for determining attorney fees in a common fund case differs from other grants of fees and other types of class actions. "[H]ere the award of fees is born by the prevailing party, not the losing party." *Id*, 70, 449. Determining fees in such cases, as pointed out in plaintiffs' motion for fees, is based on a principal that "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  7

Given these basic principles, I suggest that the Court in using a lodestar as a cross-check to the percentage of recovery formula consider that any fee reduction would primarily benefit Progressive.

1.    **Hypothetical Application of Lodestar**.

This case illustrates why a lodestar approach to setting fees does not work well in common fund class actions. Normal lodestar computations rarely consider the central character of class action cases–the large number of clients and beneficiaries.

The reasonableness of fees is generally viewed in terms of their impact on "clients." RPC 1.5 and its comments refer to "client" sixty times in discussing the rights of clients and the obligations of lawyers regarding attorney fees. The client is central to the RPC and therefore the lodestar. The reasonableness of fees is determined by reference to client rights, not a case in the abstract. The value of the lawyers' services to clients should be a primary consideration. Therefore, the number of claimants represented and benefited by the class action should be considered in any lodestar cross-check.

This action is akin to a contingent fee case. For over forty years a primary focus of my practice was plaintiff's personal injury claims. Occasionally I would represent family members injured in the same event. Conflict waivers and the involvement of a guardian ad litem was often required to protect the rights of some individuals. Attorney's fees for each client were separately evaluated for reasonableness. In determining the question of attorney's fees, both as a practitioner and as someone involved in fee issues, I recall no instance where the results of common services and issues (such as liability) were not considered in determining fees for each separate claimant. A review of a lawyer's fees

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  8

**LAW OFFICE OF G. LEE RAAEN**
3301 Burke Ave. N.,  #340
Seattle, WA 98103
(206) 682-9580   Lee@LRaaen.com

considers the work which benefited each client's claim, even though the same efforts

supported other parties' claims. Here, the usual formula for applying a lodestar would deny

the class members any compensation since a lodestar for each claim would exceed any

compensation due them.

Just counsels' time records with no enhancements would create a lodestar of

$389,235. Here, Nealey and Hansen have 5114 clients/claimants (as of April 12).

Fortunately, the recovery and the damages due to each client is determined by a specific

easily applied formula. Each claim has the same relevant underlying facts. That would create

an average fee for each client of $76 per $1000 of recovery. A fee of $76 per $1,000 would

not meet the reasonableness standard of a usual lodestar analysis. That fee per case amount

will drop even more as more claims are filed. In my opinion, the resulting fee would fall

short of a reasonable fee for the services provided.

If the common practice of lodestar accounting in non-class actions were applied, the

reasonableness of the fees charged to each client would be considered. Under the fee

agreement, the fee charged to each client is 26 percent of the amount recovered by the client,

an amount negotiated at mediation between the representative clients, Progressive and

mediator. That amount is roughly midway between the percentages courts have cited in

other common fund class actions. (See briefs filed by Nealey and Hansen.)

Fees evaluated by a lodestar approach would be misleading, incomplete, and unfair.

Besides the services rendered to the point of settlement, the clients also benefited from a

commitment by Hansen and Nealey to continue their representation, which may have greatly

increased their time commitments and costs, and therefore the lodestar. (If they had not

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES - 9

LAW OFFICE OF G. LEE RAAEN
3301 Burke Ave. N.,  #340
Seattle, WA 98103
(206) 682-9580   Lee@LRaaen.com

continued, they would have received no fees.) The value of that commitment by experienced attorneys no doubt contributed to the settlement and should be considered rather than just looking at time records to the point of settlement. This situation supports the public policy underlying a percentage of recovery formula. The interests of the clients and attorneys are the same, *i.e.* to maximize recovery without unnecessary delays and work which would increase hourly lodestar fees.

**2.      A reduction in the fee percentage would benefit Progressive far more than its insureds, rewarding its violation of Washington law.**

A lodestar analysis does not consider fees to be paid by Progressive. Under the fee agreement, progressive is to pay up to 26 percent of the "Settlement Fund" of $19,228,696.06. Dkt 65-1, §32, pg. 10, and §51, pg. 18.  How would a lodestar determine the reasonableness of those funds? Doing so would greatly reduce the equivalent fee percentage allowed to counsel.

Why should a party which violated Washington law have its obligations reduced at the cost of the lawyers which brought the company to justice? Reducing the percentage recovery would undermine the public policy purpose of such actions, particularly class actions, brought to redress violations of law by insurers.

Under the terms of the Settlement Agreement an amount of approximately $19,228,696.06 is designated as the Settlement Fund for the payment of potential claims. Dkt #65-1, §32, pg. 10. The amount due to each claiming insured is designated as a percentage of a market value (as defined in the agreement) of the value of the class member's totaled car, estimated at approximately 5.4% of the valuation used to pay the insured's claim. Fees and costs would be paid separately. Dkt #65-1, pg. 34. Under the terms

DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  10

LAW OFFICE OF G. LEE RAAEN
3301 Burke Ave. N.,  #340
Seattle, WA 98103
(206) 682-9580   Lee@LRaaen.com

1    of the agreement, counsel would receive $260 per $1000 in total claim recovery. Given the

2    nature, difficulty and work involved in the class action, that amount should be deemed

3    reasonable.

4         Reducing the percentage amount of fees paid by an insured would be a small benefit

5    to that class member, but it would be a significant boon to Progressive. As the Settlement

6    Agreement provides, any non-claimed funds remain the property of Progressive. *Id*. Based

7    on the percentage of claims filed thus far, the amount left over after the payment of claims

8    will be  substantial. Any reduction in fees will be a windfall to Progressive because it will

9    reduce the amount paid under the settlement and lower the agreed fee percentage due

10   counsel on the amounts which Progressive gets to keep. This drastically changes the terms

11   of the settlement agreement.

12        **3.    Common benefit**.

13        Besides the recovery of a fund for payments to Progressive's insureds, Progressive's

14   agreement to discontinue the practice provides a "common benefit" far beyond the current

15   recovery. The settlement benefits insureds into the future. Nealey and Hansen are not

16   making a common benefit claim, further demonstrating the reasonableness of their motion

17   for the award of fees.

18

19

20   **VI.    CONCLUSION.**

21        For the reasons discussed above, it is my opinion that the request for fees by Mr.

22   Nealey and Mr. Hansen is reasonable. These opinions are expressed to a reasonable

23

24

25   DECLARATION OF G. LEE RAAEN RE
     ATTORNEYS' FEES -  11

1  professional certainty based on my education, experience and review of the documents listed

2  above.

3          Signed and dated April 22, 2022 in Seattle, Washington.

4

5                                     G. Lee Raaen,  WSBA #6258

6                                     3301 Burke Ave. N.,   Suite 340
                                   Seattle, WA 98103

7                                     lee@lraaen.com 206.682.9580

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DECLARATION OF G. LEE RAAEN RE
ATTORNEYS' FEES -  12

# G. LEE RAAEN

3301 Burke Ave. N., Suite 340
Seattle, WA 98119
206-682-9580   www.lraaen.com   Lee@LRaaen.com

## EDUCATION

| | |
|---|---|
| DOCTOR OF JURISPRUDENCE | 1975 |
| *University of Oregon* | *Eugene, Oregon* |
| | |
| B.A. POLITICAL SCIENCE | 1969 |
| *Pacific Lutheran University* | *Tacoma, Washington* |

## EMPLOYMENT

| | |
|---|---|
| LAWYER – SELF EMPLOYED | 1977-PRESENT |
| *Law Offices of G. Lee Raaen* | |
| | |
| HEARING EXAMINER – (PART TIME) | 2007-PRESENT |
| *City of Kent and other jurisdictions* | *Seattle, Washington* |
| | |
| LAWYER | 1975-1977 |
| *Bonneville, Viert, Morton & McGoldrick* | |
| | |
| UNITED STATES ARMY | 1969-1971 |
| | *Republic of Vietnam* |
| | |
| ASSISTANT EXECUTIVE DIRECTOR | 1969 |
| *Design for Progress (Pierce County Planning Organization)* | *Tacoma, Washington* |

## COURTS (ADMISSIONS & PRACTICE)

Appellate, Superior, District and Municipal courts in the State of Washington
Federal District Courts of the Western District of Washington – Tacoma & Seattle
Ninth Circuit Federal Court of Appeals
United States Court of Claims, Washington, D.C.

## PROFESSIONAL ASSOCIATIONS

Washington State Bar Association
Washington State Association for Justice
King County Bar Association
American Bar Association - Center for Professional Responsibility

## PUBLISHED ARTICLES & CLE MATERIALS

| | |
|---|---|
| WSBA Washington Legal Ethics Deskbook (2020) | *Chapter 3: Attorney Fees* |
| WSAJ Ethics & Attorney's Fees (2019) | *Ethical Issues Related to Attorney Fees* |
| WSBA 17th Annual Law of Lawyering (2019) | *Liens for Attorneys Fees: Components &Cautions* |
| WSBA Ethics in Civil Litigation (2018) | *Ethical Issues Related to Attorney Fees* |
| King County Bar Association (2017) | *Attorney Liens—What You Can Do and Cannot Do to Secure Your Fees* |
| WSBA CLE Liens (2016) | *Attorney Liens - What You Can and Cannot Do To Collect Your Fees* |

| | |
|---|---|
| WSBA Ethics School (2016) | *Ethical Issues In Charging and Collecting Attorney's Fees* |
| King County Bar Association (2015) | *Asserting and Foreclosing Attorney Liens* |
| King County Bar Association (2015) | *Evaluating Requests for Approval of Attorney's Fees: Mandatory Settlement GAL Training* |
| WSBA Ethics School (2014) | *Fees & Fee Agreements* |
| King County Bar Association (2014) | *Beyond the Written Fee Agreement* |
| WSBA NW Lawyer (2014) | *A Mosaic of Fee-Shifting Law & Issues* |
| WSBA Ethics School (2013) | *Fees & Fee Agreements* |
| WSBA Ethics School (2013) | *Fees & Fee Agreements* |
| King County Bar Association (2011) | *Evaluating Requests for Approval of Attorney's Fees: Mandatory Settlement GAL Training* |
| King County Bar Association CLE (2010) | *Beyond the Written Fee Agreement* |
| WSTLA Trial News (1988) | *Twilight Zone in Federal Toxic Tort Cases* |
| WSTLA Trial News (1987) | *Emotional/property Damage in Water Contamination Cases* |
| WSBA Bar News (1980) | *Choosing a Word Processing System* |

## PRESENTATIONS & SEMINARS

| | |
|---|---|
| WSAJ Ethics & Attorney's Fees (2019) | *Ethical Issues Related to Attorney Fees* |
| WSBA 17th Annual Law of Lawyering (2019) | *Liens for Attorneys Fees: Components & Cautions* |
| WSBA Ethics in Civil Litigation (2018) | *Ethical Issues Related to Attorney Fees* |
| WSBA Ethics School (Five times: 2012 - 2016) | *Fees & Fee Agreements* |
| Effective & Ethical Fee Agreements (2010, 2014) | *Attorney Fee Agreements – CLE Chair* |
| KCBA Mandatory Guardian ad Litem Training (2011, 2015) | *Evaluating Requests for Approval of Attorney's Fees* |
| Attorney's Liens (2016, 2017) | *Attorney Liens - What You Can and Cannot Do To Collect Your Fees* |

## OTHER PROFESSIONAL ACTIVITIES

Arbitrator since 1981 for the King County Superior Court mandatory arbitration system.
Hearing Examiner for multiple cities and counties in Western Washington
Seattle Municipal League Court Congestion and Judicial Candidate Evaluation committees.
Lecturer for ACLU to education and library professional associations on censorship.
Organized free legal clinic for veterans in Seattle.