The Honorable BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMEENJOHN STANIKZY,<br><br>       Plaintiff,<br><br>v.<br><br>PROGRESIVE DIRECT INSURANCE COMPANY,<br><br>       Defendant. | No. 2:20-CV-00118 BJR<br><br>FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE |

  THIS MATTER comes before the Court via motion for final approval of the Settlement, submitted on March 3, 2022 (Dkt#69) a Motion for fees, costs, and an incentive award submitted on March 1, 2022 (Dkt#68) and the written agreement memorializing that Settlement (the "Settlement Agreement") and the Court's earlier Order on November 12, 2021 Granting Preliminary Approval Of Class Action Settlement. (Dkt#67) The parties have appeared through their respective counsel.

  WHEREAS, Plaintiffs, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, on behalf of themselves and the proposed Settlement Class, and Defendant, Progressive Direct Insurance Company ("Progressive"), have executed and filed a Stipulation of Settlement with the Court on September 7, 2021; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on November 12, 2021, entered the Preliminary Approval Order, preliminarily approving the Proposed Settlement; and

WHEREAS, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay were appointed the Class Representatives for the settlement Class; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Defendant and Class Counsel have satisfactorily indicated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held, with no objections having been filed or received by the Court to the Settlement Agreement;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that, in breach of its insuring agreements with Plaintiffs and members of the settlement Class, Defendant improperly failed to compensate the Plaintiffs and Settlement Class Members (as hereinafter defined) for the full value of their total loss claims.

2.	On November 12, 2021 the Court preliminarily approved a settlement of claims and conditionally certified this matter as a class action for purposes of such settlement, defining the Class as follows:

> All Progressive Direct insureds with Washington first party personal line policies issued in Washington State, who received compensation for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UIM) coverages, and who received a total loss valuation derived from a Mitchell International, Inc. WorkCenter Total Loss Report, based upon the value of comparable vehicles which took a deduction for a "Projected Sold Adjustment."
>
> Excluded from the Class would be (a) the assigned Judge, the Judge's staff and family, and Progressive employees, (b) claims for accidents with dates of loss occurring before January 24, 2014 or valuation dates occurring after July 11, 2021 (the date at which Progressive ceased taking a "Projected Sold Adjustment" on Washington claims), (c) claims on "non-owned" (borrowed or rented) vehicles; (d) claims where the insured submitted written evidence supporting a different valuation, and the amount of that different valuation submitted by the insured was paid by Progressive or valuation paid was determined using the appraisal clause; and (e) Opt Outs.

3.	The Court hereby re-affirms this definition for purposes of this Final Judgment.

4.	The Class Representatives have entered into the Settlement Agreement which has been filed with the Court.  The Settlement Agreement provides for the Settlement of this Action with Defendant on behalf of the Class Representatives and the Settlement Class Members, subject to approval by the Court of its terms.  The Court scheduled a hearing to consider the approval of the Settlement and directed that the Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

5.	In accordance with the terms of the Settlement and the Preliminary Approval Order, the fully parties implemented the Notice Plan approved by the Court.  Defendant's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan, with the notice reading 99.37% of the class with written notice, and those where corrected

forwarding addresses were not obtainable, being sent supplemental notice, where possible, via e-mail.

6. The Court hereby finds that the Notice Plan and the Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

7. The Class Representatives and Defendant have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was scheduled, and held before this Court, on March 30, 2022, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

8. The Court hereby finds that approval of the Settlement Agreement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

9. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto.

10. The Court hereby finds the terms of the Settlement are fair, reasonable and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

11. The Court possesses jurisdiction over the subject matter of this Action, the Class Representatives, the Settlement Class Members, Defendant, and the Released Persons.

12. No Class Members have filed requests for exclusion. All remaining Class Members are therefore bound by this Final Judgment and by the Settlement Agreement.

13. All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Class Representatives, and all provisions and terms of the Settlement are hereby finally approved in all respects.

14. The Parties are hereby directed to consummate the Settlement in accordance with its terms.

15. This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, employees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and future parent, subsidiary and affiliated corporations, and any other person or entity who could or might assert any claim under or through any of the foregoing, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

16. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

17. "Released Claims" means and includes, whether known or unknown, any and all claims for relief or causes of action, claims, rights, demands, actions, suits, debts, liens, contracts, liabilities, agreements, interest, fees, costs, expenses or losses, including but not

limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, administrative code, or regulation, and any other claims for relief and/or remuneration whatsoever, including, but not limited to, all claims arising out of the Defendant's handling or administering of claims for coverage for total loss payments; including claims for bad faith; claims for the amounts of total loss payments; breach of any written or oral agreement or insurance contract or any similar act; waiver; estoppel; any tortious injury, including any intentional or negligent acts; agent negligence; failure to procure coverage or misconduct; punitive damages; treble damages; statutory damages; regulatory claims; claims for violation of the Revised Code of Washington or similar statutes; claims for violation of the Washington Consumer Protection Act or any similar act; claims for violation of the Washington Insurance Fair Conduct Act or any similar act; misrepresentation; and/or any claim for attorneys' fees and expenses; arising on or before the date hereof, which the Releasing Parties had or could have alleged in the Action that relate in any way whatsoever to the settlement of a Class Member's total loss claim.

    18.    "Released Persons" means the Defendant, as defined in the Settlement Agreement, and any of their past, present or future subsidiaries, controlled, affiliated, related and/or parent corporations, business entities or divisions, heirs, predecessors, successors, assigns, officers, stockholders, insurers, reinsurers, underwriters, directors, agents, employees and/or independent contractors, attorneys-in-fact, and/or past, present and future parent, subsidiary and affiliated corporations and/or any other person or entity who could or might be subject to any liability under or through any of the foregoing.

19. "Unknown Claims" means claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Stipulation, as to any of the Released Claims.

20. It is hereby determined that the Notice Plan and the Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Washington Code of Civil Procedure, and all other applicable laws.

21. Within thirty (30) days after the Effective Date, Class Counsel shall return, upon request, to Defendant all Confidential Information and copies thereof in their possession, custody, or control and delete any electronic copies of Confidential Information. Within forty-five (45) days after the Effective Date, Class Counsel shall deliver a letter to Defendant confirming their compliance with this paragraph -- including a description of steps taken to assure the deleted material cannot be recovered or restored. In the event that any Confidential Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Confidential Information and/or documents.

22. Also in furtherance of this confidentiality provision, Class Counsel and the Class Representatives agree not to make any statements to the media or in any public forum, orally or in writing, about the Action, or the Stipulation, other than statements which are fully consistent with the Stipulation and the Class Notice.

23. Neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendant. To the extent permitted by law, neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendant, except in any proceedings brought to enforce the Stipulation and except that any Released Persons may file this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Neither this Final Judgment, the Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of the Stipulation, shall be deemed an admission by Defendant that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Defendant from opposing or asserting any argument they may have with respect to certification of any class(es) or subclass(es) in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendant, except as set forth in the Stipulation.

24. The Court has considered the request for a Class Representative award, and hereby approves and awards to each of the Class Representatives, Ameenjohn Stanikzy, Niklas Steidl, and Jon Mackay, the amount of $10,000.00, to be paid by Defendant within fourteen (14) business days after the Effective Date.

25. The Court has taken under consideration Class Counsel's request for an attorneys' fees and costs award for the prosecution of this action, and after a hearing, will make an award in an amount to be set forth in a forthcoming order. The Court retains jurisdiction over this matter for the purpose of awarding the attorneys' fees and costs.

26. The sums set forth in Paragraphs 26 and 27 above shall be paid in accordance with the Stipulation, and out of the sources set forth therein.

27. This Final Judgment is a final order in the Action within the meaning and for the purposes of Fed R. Civ. P. 23(e), 41, and 54, as to all claims among Defendant on the one hand, and the Class Representatives and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Final Judgment, the Settlement Agreement and the Settlement;

B. Awarding Class Counsel's attorneys' fees and costs;

B. Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED. DATED this 23rd day of May, 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

Presented by:
Law Offices of Stephen M. Hansen, P.S.
*s/Stephen M. Hansen*
STEPHEN M. HANSEN, WSBA #15642
Of Attorneys for Plaintiff

9