Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

AMEENJOHN STANIKZY;
Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,
Defendant.

No.: 2:20-cv-118 BJR

ORDER CLARIFYING SETTLEMENT AGREEMENT

Defendant Progressive Direct Insurance Company ("Progressive") has filed an "Emergency Request for Clarification," seeking this Court's interpretation of Progressive's obligations under the parties' Settlement Agreement in this matter. Specifically, Progressive seeks a ruling as to what is the "Effective Date" of that Agreement, and when payments to class members under that Agreement—which are keyed to that Effective Date—are due. *See* Settlement Agreement, Dkt. No. 65-1, ¶ 36 ("payment will be sent to [class members who have submitted claims] within thirty (30) days after the deadlines to challenge such claims have expired, but in no event prior to thirty (30) days after the Effective Date.").

1

The Settlement Agreement defines the Effective Date according to the date of the latest of several events, including the date that "[t]he Court has entered the Final Approval Order and Judgment, finally approving the Settlement, . . . and either the time in which to appeal is expired or any appeals have been fully and finally resolved." *Id*., ¶ 12. The Court entered the Final Order Approving the Settlement Agreement on May 23, 2022, and the time for appeal of that order has expired, no appeal having been filed. Instead of including the attorneys' fees award in the Final Order, however, the Court reserved the question of attorneys' fees—after a hearing and additional briefing—for a ruling on June 2, 2022. That order *has* been appealed, and the appeal is currently pending before the Ninth Circuit.

The Court finds the most reasonable interpretation of the definition of "Effective Date" is to include final resolution of "any appeals" of not just the Final Approval Order, but of the Court's order on attorneys' fees as well. The award of fees was originally intended to be part of that Final Approval Order. Thus while the Court ultimately bifurcated the ruling on settlement approval and fees, the parties can be said to have at least contemplated the possibility of an appeal of the fees issue. Waiting until that issue is fully resolved on appeal is not only a reasonable interpretation of the parties' intent, but also the most efficient manner of issuing payments to class members, as requiring Progressive to make the payments now could result in either over- or under-payment in the event the fees amount is amended on appeal, causing serious administrative complications.

According to Progressive, class counsel has represented that if Progressive makes the payments now, in the event class counsel prevail on appeal, they are willing to reduce their fee award by whatever amount the class might owe Progressive as reimbursement for any

overpayment. However, this course is not contemplated in the parties' Settlement Agreement, and does not consider possible alternative outcomes to an appeal, such as a *reduction* in a fee award. Because the phrase "Effective Date" in the Settlement Agreement can reasonably be interpreted to obligate Progressive to pay class members within 30 days of final adjudication (including appeals) of all issues (including attorneys' fees), that is the interpretation the Court adopts.

In sum, the Court hereby clarifies that the definition of "Effective Date" in the Settlement Agreement shall be interpreted to trigger Progressive's obligation to issue payment to the Class upon resolution of all pending appeals in this matter.

DATED this 30th day of August, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge